IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------------x
TEDDY ARCHER, SEDETRIC CHAMBLISS,
ERVIN DESIR, JAMES HUTCHINSON,
DANIEL MANOFSKY, JESSE SWANSON,
ANDREW WALLS, and CHRIS WOODRUFF,
On Behalf of Themselves and All Others Similarly Situated,   Civil Action No._____

                Plaintiffs,   COMPLAINT

        v.   JURY TRIAL DEMAND

DEFENDERS, INC.,

                Defendant.
---------------------------------------------------------------------------x

## COMPLAINT

    Plaintiffs Teddy Archer, Sedetric Chambliss, Ervin Desir, James Hutchinson, Daniel Manofsky, Jesse Swanson, Andrew Walls, and Chris Woodruff (collectively, "Plaintiffs"), allege as follows:

## INTRODUCTION

    1.    Plaintiffs are employees of defendant Defenders, Inc. ("Defendant" or "Defenders"). Whether referred to by Defenders as security advisors, service technicians, or otherwise (all, collectively referred to herein as "Security Advisors"), Plaintiffs' functions as employees include the installation of homeowner security/alarm systems and/or the performance of service on those systems for Defenders.

    2.    Plaintiffs bring this action on behalf of themselves and other Security Advisors who are currently or were previously employed by Defenders as Security Advisors. The Security Advisors are similarly situated and constitute members of the classes alleged in this Complaint.

3. This action arises out of Defenders' failure to pay the Security Advisors for work performed by them, particularly for time spent in connection with their travel to and from Defenders' customers, their attendance at lengthy meetings mandated by Defenders, and their time spent with respect to customers who failed to complete their orders. Defenders' failure to make these payments was a breach of Defenders' contract with the Security Advisors and resulted in a failure to pay overtime, which constitutes a violation of the Fair Labor Standards Act ("FLSA").

## PARTIES

4. Plaintiff, Teddy Archer, is a citizen of the State of Alabama. From approximately January 2015 through September 2017, Mr. Archer was employed as a Security Advisor by Defenders at its Birmingham, Alabama branch.

5. Plaintiff, Sedetric Chambliss, is a citizen of the State of Texas. From approximately July 2015 through April 2016, Mr. Chambliss was employed as a Security Advisor by Defenders at its Jackson, Mississippi and Memphis, Tennessee branches. Additionally, from approximately April 2016 through July 2017, Mr. Chambliss was also employed as a Security Advisor by Defenders at its Dallas, Texas branch.

6. Plaintiff, Ervin Desir, is a citizen of the State of Georgia. From approximately April 2017 through March 2018, Mr. Desir was employed as a Security Advisor by Defenders at its East Atlanta, Georgia branch.

7. Plaintiff, James Hutchinson, is a citizen of the State of Alabama. From approximately November 2016 through the present, Mr. Hutchinson has been employed as a Security Advisor by Defenders at its Birmingham, Alabama branch.

8. Plaintiff, Daniel Manofsky, is a citizen of the State of Alabama. From approximately 2012 through September 2017, Mr. Manofsky was employed as a Security Advisor by Defenders at its Birmingham, Alabama branch.

9. Plaintiff, Jesse Swanson, is a citizen of the State of Delaware. From approximately March 2017 through March 2018, Mr. Swanson was employed as a Security Advisor by Defenders at its Dover, Delaware branch.

10. Plaintiff, Andrew Walls, is a citizen of the State of Delaware. From approximately December 2015 through the present, Mr. Walls has been employed as a Security Advisor by Defenders at its Dover, Delaware branch.

11. Plaintiff, Chris Woodruff, is a citizen of the State of Florida. From approximately 2013 through January 2018, Mr. Woodruff was employed as a Security Advisor by Defenders at its Pelham, Alabama branch. Additionally, from approximately January 2018 through the present, Mr. Woodruff has been employed as a Security Advisor by Defenders at its Lakeland, Florida branch.

12. Plaintiffs' consents to be party plaintiffs are attached hereto as Exhibit A.

13. Defenders is an Indiana corporation with corporate offices located at 3750 Priority Way South Drive, Indianapolis, Indiana, and upon information and belief, over 1,000 other offices located throughout the United States, including in Delaware.

14. Defenders has an office at 1203 College Park Drive, Dover, Delaware that employed some of the Plaintiffs, along with other Security Advisors.

15. Defenders is, and at all relevant times was, a provider of burglar alarm installation services to its customers.

16. Defenders has registered with the Delaware Secretary of State as a foreign corporation authorized to conduct business in Delaware.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

18. This Court has supplemental jurisdiction over Plaintiffs' breach of contract claims pursuant to 28 U.S.C. § 1367.

19. This Court also has jurisdiction over Plaintiffs' breach of contract claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregate claims of the individual class members exceed the sum value of $5,000,000 exclusive of interest and costs, there are believed to be in excess of 100 Class members, and this is a case in which at least some members of the proposed classes have a different citizenship from Defendant.

20. This Court has personal jurisdiction over Defendant because Defendant does business with the State of Delaware, and is registered with the Delaware Secretary of State.

21. Personal jurisdiction also applies to Defendant because Defendant has purposefully availed itself of the privileges of conducting activities in the State of Delaware and established minimum contracts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process. Defendant maintains an office in Delaware through which it entered into employment contracts with some of the Plaintiffs, and where Defendant had some of the Plaintiffs perform uncompensated work that is the subject of this litigation.

22. Venue is proper in this Judicial District because, pursuant to 28 U.S.C. § 1391, Defenders is a resident of this Judicial District as an entity subject to the Court's personal jurisdiction with respect to the civil action in question and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## CLASS DEFINITIONS

23. Plaintiffs bring this suit on behalf of the following similarly situated persons:

> All Security Advisors employed by Defendant who, at any time during the period beginning three years before the filing of this Complaint up to and including the date of final judgment in this matter, installed homeowner security/alarm systems and/or performed service on those systems for Defendant ("Collective Class").

The similarly situated persons that comprise the Collective Class are collectively referred to herein as "Collective Class Members" and include, but are not limited to, the individual Plaintiffs.

24. Plaintiffs also bring this suit on behalf of the following proposed classes:

> All Security Advisors employed by Defendant who, at any time during the applicable statute of limitations preceding the filing of this action up to and including the date of final judgment in this matter, installed homeowner security/alarm systems and/or performed service on those systems for Defendant ("National Class").

The persons that comprise the National Class are collectively referred to herein as "National Class Members" and include, but are not limited to, the individual Plaintiffs.

25. Plaintiffs reserve the right to amend these class definitions as necessary.

## COLLECTIVE ACTION ALLEGATIONS:  DEFENDERS FAILED TO PROPERLY CALCULATE AND PAY PLAINTIFFS AND THE COLLECTIVE CLASS MEMBERS OVERTIME

26. At all relevant times, Plaintiffs and the Collective Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defenders' decisions, common policies, plans, programs, practices,

5

procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiffs and the Collective Class Members the legally required overtime.

27. Plaintiffs' claims stated herein are essentially the same as those of the other Collective Class Members.

28. At all relevant times, Defenders maintained control, oversight, and direction over the operation of the branches in which Plaintiffs and the other Collective Class Members worked.

29. At all relevant times, Defenders controlled the schedules, duties, assignments, requirements, and employment conditions of Plaintiffs and the other Collective Class Members.

30. At all relevant times, Plaintiffs and the other Collective Class Members were "employees" of Defenders as that term is used in 29 U.S.C. § 203(e)(1).

31. At all relevant times, Defenders employed and/or continues to employ Plaintiffs and the other Collective Class Members within the meaning of the FLSA.

32. Pursuant to 29 U.S.C. § 207, employers are required to pay their employees overtime in the amount of one and one-half times their regular rate of pay for employment in excess of forty hours if in any workweek the employee is "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours."

33. The work performed by Plaintiffs and the other Collective Class Members was work that was engaged in commerce and in the production of goods for commerce.

34. Defenders is an enterprise engaged in commerce or in the production of goods for commerce.

35. Plaintiffs and the other Collective Class Members regularly worked in excess of forty hours in a week.

36. Defenders failed to correctly compensate Plaintiffs and the other Collective Class Members for overtime work performed by them.

37. Plaintiffs and the other Collective Class Members installed and serviced residential security systems.

38. Defenders generally paid Plaintiffs and the other Collective Class Members for each installation and service job completed.

39. As detailed below, however, Plaintiffs and the other Collective Class Members were not paid for other compensable work as required by the FLSA. As a result, Plaintiffs and the other Collective Class Members have not received proper overtime pay.

40. Defenders required Plaintiffs and the other Collective Class Members to travel to Defenders' local branch offices to attend mandatory weekly meetings.

41. Defenders required Plaintiffs and the other Collective Class Members to attend other meetings.

42. Defenders' meetings were extensive and frequently lasted for several hours.

43. Defenders tracked the time Plaintiffs and the other Collective Class Members spent attending such meetings but did not pay them for this time.

44. Plaintiffs and the other Collective Class Members were required to travel using their own personal vehicles to the job sites (*i.e.*, the customers' homes) where they performed the installation and/or service work.

45. Defenders tracked the time Plaintiffs and the other Collective Class Members spent in transit but did not pay them for this time.

46. Defenders failed to include compensable time spent by Plaintiffs and the other Collective Class Members in installing and uninstalling alarm systems for customers who refused

to complete their orders (a) in determining whether Plaintiffs and the other Collective Class Members worked overtime, and (b) in calculating the overtime to which they were entitled.

47. In arriving at a regular rate of pay for the purposes of calculating the overtime due Plaintiffs and the other Collective Class Members, Defenders utilized a wage figure that did not include any amount for travel and meetings.

48. As a result of the failure to pay Plaintiffs and the other Collective Class Members for the above-referenced compensable travel and meetings and to include such payment in the calculation of the amount of overtime due Plaintiffs and the other Collective Class Members, Defenders failed to pay Plaintiffs and the other Collective Class Members the proper amount of overtime due them.

49. Defenders maintained a policy and practice of adjusting the regular rate of pay of Plaintiffs and the other Collective Class Members every eight weeks to account for compensation earned through sales and services provided by them to customers of Defenders.

50. However, Defenders failed to calculate overtime properly by, among other things, failing to include in the calculation of the regular rate of pay of Plaintiffs and the other Collective Class Members the full amounts earned by them from sales and services provided by them to customers of Defenders.

51. By virtue of the foregoing, Defenders failed to pay Plaintiffs and the other Collective Class Members the overtime due them pursuant to the FLSA.

52. Defenders knew or should have known that pursuant to the FLSA, employers must compensate employees for time spent attending mandatory meetings and traveling to and from work sites during the course of the business day.

53. Defenders knew or should have known that the FLSA requires it to pay Plaintiffs and the other Collective Class Members overtime for the work performed by them in excess of forty hours per week.

54. With respect to the claims set forth in this action, a collective action brought pursuant to the provisions of the FLSA is appropriate because the Security Advisors are similarly situated to Plaintiffs because, among other factors, they have been or are employed in the same or similar positions, they were or are subject to the same or similar unlawful practices, policies, or plans, and their claims are based upon the same or similar factual and legal theories.

55. The FLSA claims for relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

56. Defenders possesses, controls and/or has access to information and electronic data that shows the identity and last known address of Plaintiffs and the other Collective Class Members and amounts of time Plaintiffs and the other Collective Class Members spent in traveling to their assigned work, performing installations or service calls, and attending meetings.

57. The identity of the Collective Class Members is readily ascertainable.

58. For purposes of notice and other purposes related to this action, the names and addresses of the Collective Class Members are readily available from Defenders' records.

59. Notice can be provided to the Collective Class Members via First Class Mail to the last address known to Defenders.

### DEFENDERS BREACHED ITS CONTRACT WITH PLAINTIFFS AND THE NATIONAL CLASS MEMBERS: RULE 23 CLASS ACTION ALLEGATIONS

60. Plaintiffs and the other National Class Members are current and former Security Advisors who were employed by Defenders at locations throughout the United States at any time during the applicable statute of limitations period.

61. This claim is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

62. Defenders agreed to pay Plaintiffs and the other National Class Members for all time they spent working for Defenders.

63. Defenders agreed to pay Plaintiffs and the other National Class Members, as part of their compensation, for the time spent in traveling to and from locations at which homeowner security/alarm systems were to be installed or serviced for a customer.

64. Defenders agreed to pay Plaintiffs and the other National Class Members, as part of their compensation, for the time spent in attending meetings held by Defenders.

65. Defenders required Plaintiffs and the other National Class Members to travel to Defenders' local branch offices at a fixed time each week to attend mandatory weekly meetings.

66. Defenders required Plaintiffs and the other National Class Members to attend other meetings.

67. Despite due demand, Defenders has failed and refused to pay Plaintiffs and the other National Class Members for their time spent in attending meetings and traveling to and from locations at which homeowner security/alarm systems were to be installed or serviced.

68. By failing to pay Plaintiffs and the other National Class Members, Defenders has breached its agreement with them.

69. By reason of the foregoing, Plaintiffs and the other National Class Members have been damaged in an amount to be determined at trial.

70. The Members of the National Class are so numerous that joinder of all Members is impracticable.

71. Defenders claims on its website to having over 128 field branches across the country and to having over 2,000 high performance team members. https://www.homedefenders.com/ (March 7, 2018).

72. Defenders, as of March 7, 2018, advertised there were 60 Security Advisor positions available for employment. https://homedefenders-fieldsales-jobs.jobs/jobs/?q=Security+advisor (March 7, 2018).

73. The number of National Class Members is so numerous that joinder of all members is impracticable.

74. The identity and addresses of National Class Members can be ascertained through documents maintained by the Defenders.

75. National Class Members may be notified of the pendency of this action through published and/or mailed notice.

76. Common questions of law and fact predominate over questions affecting only individual members, if any, and include, but are not limited to, the following:

   a. the terms of Defenders' agreement with Plaintiffs and National Class Members;

   b. whether Defenders uniformly failed to pay Plaintiffs and National Class Members for travel time and meeting time;

   c. whether Defenders uniformly breached its agreements with Plaintiffs and National Class Members; and

   d. the extent of damages sustained by Plaintiffs and the National Class Members.

77. Plaintiffs' claims are typical of the claims of other National Class Members in that, among other things, they all suffered damages as a direct and proximate result of Defenders'

common and systemic payroll policies and practices. Plaintiffs' claims arise from the same policies, practices, agreements, and course of conduct as the other National Class Members.

78. Plaintiffs' claims and legal theories are based on the same legal theories as those of the other National Class Members.

79. Plaintiffs will fairly and adequately represent and protect the interests of the other National Class Members.

80. Plaintiffs have retained competent and experienced counsel.

81. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the National Class Members.

82. Bringing this action as a class action is superior to other available methods for the fair and efficient adjudication of the claims which are asserted.

83. The individual ascertainable losses and damages of Plaintiffs and the other National Class Members are not sufficiently large to justify their instituting individual actions.

84. If individual actions were required to be brought by each of the National Class Members damaged, it would necessarily result in multiplicity of lawsuits and create a hardship to them, to the Court, and to Defenders.

85. No unusual difficulties are likely to be encountered in the management of this case as a class action and this case will be manageable as a Rule 23 class action.

86. Defenders has a computer and payroll system that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

87. This case is properly maintainable as a class action.

## CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 216(B) Collective Action on Behalf of the Collective Class)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, et seq. – FAILURE TO PAY OVERTIME

88. Plaintiffs re-allege and incorporate paragraphs 1-59 as if fully set forth herein.

89. At all times relevant to this action, Defenders was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

90. At all relevant times, Defenders has continuously been an employer of multiple employees engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

91. At all relevant times, Defenders was an enterprise covered by the FLSA and as defined by 29 U.S.C. §§ 203(r) and 203(s).

92. At all relevant times, Defenders had an annual gross volume of sales made or business done of over $500,000 for each year in the relevant period and continues to have an annual gross business volume in excess of $500,000.

93. At all relevant times, Defenders had multiple employees, including Plaintiffs and the other Collective Class Members, engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

94. At all times relevant to this action, Plaintiffs and the other Collective Class Members were "employees" of Defenders within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

95. At all times relevant to this action, Defenders "suffered or permitted" Plaintiffs and the other Collective Class Members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

96. Plaintiffs and the other Collective Class Members worked in excess of 40 hours during some workweeks in the relevant period.

97. Defenders failed to correctly compensate Plaintiffs and the other Collective Class Members for the overtime work performed by them during the relevant period.

98. In determining whether Plaintiffs and the other Collective Class Members worked overtime and in calculating the overtime to which they were entitled, Defenders failed to include work time spent by Plaintiffs and the other Collective Class Members in attending meetings, traveling, installing and uninstalling alarm systems for customers who did not complete their orders.

99. Defenders knew or could have easily determined how long it took for Plaintiffs and the other Collective Class Members to travel between jobs, attend meetings, and install and uninstall alarm systems for customers who did not complete their orders and should have properly compensated Plaintiffs and the other Collective Class Members for all the work they performed, but did not.

100. Defenders in paying overtime failed to properly calculate the rate for overtime and thus failed to pay Plaintiffs and the other Collective Class Members the overtime due them.

101. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq*., and the supporting federal regulations, apply to Defenders and protect Plaintiffs and the other Collective Class Members.

102. Defenders' violations of the FLSA were knowing and willful.

103. As a result of Defenders' violation of the FLSA, Plaintiffs and the other Collective Class members were damaged and are entitled to recover from Defenders overtime compensation, liquidated damages, reasonable attorneys' fees, costs, and expenses of this action pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Rule 23 Nationwide Class Action on Behalf of the National Class)
### BREACH OF CONTRACT

104. Plaintiffs re-allege and incorporate paragraphs 1-25 and 60-87 as if fully set forth herein.

105. At all times relevant to this action, Defenders had contracts with Plaintiffs and the other National Class Members whereby it agreed to pay them for each hour they worked.

106. At all times relevant to this action, Defenders had contracts with Plaintiffs and the other National Class Members whereby it agreed to pay them for travel to and from locations at which homeowner security/alarm systems were to be installed or serviced for a customer.

107. At all times relevant to this action, Defenders had contracts with Plaintiffs and the other National Class Members whereby it agreed to pay them for meetings they attended as required by Defenders.

108. Plaintiffs and the other National Class Members accepted the terms of Defenders' contractual promises and performed under their contract by doing their jobs and carrying out the work they performed each day.

109. Despite due demand, Defenders has failed to pay Plaintiffs and the other National Class Members the sums due them under their contracts with Defenders.

110. As a direct and proximate result of Defenders' breaches of the contracts alleged herein, Plaintiffs and the other National Class Members have been damaged, in an amount to be determined at trial.

111. These claims are appropriate for nationwide class certification under Rule 23(b)(2) and (b)(3) because the law of contracts is substantially the same throughout the United States with respect to the claims alleged herein.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs Teddy Archer, Sedetric Chambliss, Ervin Desir, James Hutchinson, Daniel Manofsky, Jesse Swanson, Andrew Walls, and Chris Woodruff request judgment be entered against Defendant as follows:

a. Certifying this case as a collective action (for the Collective Class) in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the National Class) pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to Plaintiffs' breach of contract claim (Count II);

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective Class Members and National Class Members;

d. Permitting Plaintiffs to send notice of this action to all the Collective Class Members and including the publishing of notice in a manner that is reasonably calculated to apprise them of their rights by law to join and participate in this lawsuit;

e. Designating Plaintiffs as the representatives of the Collective Class and the National Class and undersigned counsel as counsel for the same;

f. Awarding Plaintiffs and the Collective Class overtime compensation for unpaid wages;

g. Awarding Plaintiffs and the Collective Class liquidated damages;

h. Awarding Plaintiffs and the National Class damages arising from Defenders' breach of their contract in an amount to be determined at trial;

i. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in connection with this action as provided by statute;

j. Awarding pre- and post-judgment interest to Plaintiffs and the Collective and National Classes on these damages; and

k. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs Teddy Archer, Sedetric Chambliss, Ervin Desir, James Hutchinson, Daniel Manofsky, Jesse Swanson, Andrew Walls, and Chris Woodruff, individually and on behalf of all other similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: March 28, 2018

**OF COUNSEL:**

**TRIEF & OLK**
Ted E. Trief
Barbara Olk
Shelly L. Friedland
Stan Gutgarts
150 E. 58th Street, 34th Floor
New York, NY 10155
Telephone: (212) 486-6060
Email: ttrief@triefandolk.com

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
Peter S. Pearlman
Park 80 Plaza West One,
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Telephone: (201) 845-9600
Email: psp@njlawfirm.com

**RIGRODSKY & LONG, P.A.**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com

*Attorneys for Plaintiff*

**THE LAW OFFICE OF**
**MACY D. HANSON, PLLC**
Macy D. Hanson
The Echelon Center
102 First Choice Drive
Madison, MS 39110
Telephone: (601) 853-9521
Email: macy@macyhanson.com