# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS, ERVIN DESIR, BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL MANOFSKY, DEVON SPRINGER, ERIC STEWART, JESSE SWANSON, ANDREW WALLS, CALVIN WOODRUFF, AND CHRIS WOODRUFF, ET AL.<br><br>        **Plaintiffs,**<br><br>        v.<br><br>DEFENDERS, INC.,<br><br>        **Defendant.** | Civil Action No.: 1:18-cv-00470- GMS |

## JOINT PROPOSED SCHEDULING ORDER

## SCHEDULING ORDER

This ___ day of _____, 2018, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

**IT IS ORDERED** that:

1.  **Rule 26(a) Initial Disclosures**: Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rules of Civil Procedure 26(a) on or before June 29, 2018.

2.  **Joinder of other Parties and Amendment of Pleadings**: All motions to join other parties and amend the pleadings shall be filed on or before August 15, 2018.  Notwithstanding this provision, if the Court grants Plaintiffs' motion for conditional certification, Plaintiffs may move to add additional party plaintiffs and additional claims to be asserted by those parties within 45 days after the expiration of the opt-in period.

3.  **Motions for Conditional Collective Action Certification**:  All motions for conditional certification shall be filed on or before August 15, 2018.  Within 14 days of the Court's order on Plaintiffs' motion for conditional certification, the parties shall submit a new proposed Scheduling Order.

4.  **Discovery**:

**[PLAINTIFFS' VERSION]**

All discovery in this case shall be initiated so that it will be completed within 240 days of the Court's Order on conditional certification, with the specific schedule to be submitted within 14 days of the Court's order on Plaintiffs' motion for conditional certification.

31723096 v1

      a.    **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a Joint Letter Agenda, which is non-argumentative, not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a TWO PAGE LETTER, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than TWO PAGES. The party seeking relief may then file a reply letter of no more than TWO PAGES within three (3) days from the date of service of the answering letter.

**[DEFENDANT'S VERSION]**

All discovery in this case shall be initiated so that it will be completed on or before January 31, 2019. The parties may commence discovery on the named plaintiffs' claims immediately. After the court rules on any certification motion filed by plaintiffs, however, the parties will file a proposed schedule regarding the remainder of discovery and the case within 14 days.

      **a.**    **Interrogatories:**  Maximum of 20 interrogatories by Defenders to each Plaintiff.  Maximum of 45 interrogatories by Plaintiffs to Defenders.  Responses due 30 days after service.

      **b.**    **Requests for Production**:  Maximum of 20 requests for production of documents by Defenders to each Plaintiff.  Maximum of 45 requests for production of documents by Plaintiffs to Defenders.  Responses due 30 days after service.

      **c.**    **Requests for Admission:**  Maximum of 20 requests for admission by Defenders to each Plaintiff.  Maximum of 45 request for admission by Plaintiffs to Defenders.  Responses due 30 days after service.

      **d.**    **Depositions.**  Plaintiffs may take **ten (10)** depositions.  Defenders may take a deposition of each Plaintiff.  In addition to Plaintiff depositions, Defenders may take a maximum of **five (5) depositions**.  Each deposition should last no longer than 7 hours, exclusive of breaks, unless extended by agreement of the parties.

      **e.**    **Expert Reports**:  Reports of retained experts under Rule 26(a)(1) are due November 15, 2018, from plaintiffs and December 15, 2018, from defendant.

      **f.**    **Discovery and Scheduling Matters**:  Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint Letter Agenda**, which is **non-**

**argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      g.    **Electronically Stored Information**: To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in PDF format, to enable the parties to exchange discoverable information without undue burden or costs unless both parties agree information. A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF only upon agreement by the parties within 30 days of this agreement or upon a ruling by the Court for such information in that format. The parties will agree to the entry of any order regarding claims of privilege or for protection with respect to the inadvertent production of any privileged material that will allow the producing party to claw back such inadvertently produced document and will further require that such party produce a privilege log as to any such document.

5.      **<u>Confidential Information and Papers filed under Seal</u>**: Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 4(f).**

6.      **<u>Settlement Conference</u>**: Pursuant to 28 U.S.C. 636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

7.      **<u>Case Dispositive Motions</u>**: All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before

| PLAINTIFFS' VERSION | 60 Days After End of Discovery |
| --- | --- |
| DEFENDANT'S VERSION | March 5, 2019 |

Briefing will be presented pursuant to the court's Local Rules. The parties may agree on an alternative briefing scheduling. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

8.      **<u>Applications by Motion</u>**: Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via

electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

10. **Pretrial Conference**.

| PLAINTIFFS' VERSION | 14 Days After Pretrial Order Submitted |
| --- | --- |
| DEFENDANT'S VERSION | July 11, 2019 |

beginning at 10 a.m., the Court will hold a Pretrial Conference, in Chambers for Jury trials and via telephone for Bench trials, with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine*: NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before

| PLAINTIFFS' VERSION | 120 Days After End of Discovery |
| --- | --- |

31723096 v1

| DEFENDANT'S VERSION | July 1, 2019 |

11. **Trial**. This matter can be scheduled for trial at the later of

| PLAINTIFFS' VERSION | 150 Days After End of Discovery |
| DEFENDANT'S VERSION | August 13, 2019 |

or two months after the resolution of the last dispositive motion.

12. **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____

UNITED STATES DISTRICT JUDGE

31723096 v1

# EXHIBIT A

# PROPOSED DEADLINES

[AGREED BY THE PARTIES]

| Event | Deadline |
|---|---|
| Rule 26(a) Initial Disclosures | June 29, 2018 |
| Joinder of Additional Parties/Amend Pleadings | August 15, 2018 |
| Motion for Conditional Certification | August 15, 2018 |

[PLAINTIFFS' VERSION]

| Event | Deadline |
|---|---|
| Discovery | 240 Days After Court's Order on Conditional Certification |
| Expert Reports | 30 Days After End of Discovery |
| Dispositive Motions and any motion for Rule 23 class certification | 60 Days After End of Discovery |
| Pretrial Order | 120 Days After End of Discovery |
| Pretrial Conference | 14 Days After Pretrial Order Submitted |
| Trial | 150 Days After End of Discovery |

[DEFENDANT'S VERSION]

| Event | Deadline |
|---|---|

31723096 v1

| | |
|---|---|
| Discovery | January 31, 2019 |
| Expert Reports | November 15, 2018 from Plaintiffs<br><br>December 15, 2018 from Defendant |
| Dispositive Motions | March 5, 2019 |
| Pretrial Order | July 1, 2019 |
| Pretrial Conference | July 11, 2019 |
| Trial | August 13, 2019 |

31723096 v1