IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TEDDY ARCHER, TREY BERNADOU,
SEDETRIC CHAMBLISS, ERVIN DESIR,
BRODRICK FRANCIS, JAMES
HUTCHINSON, DANIEL MANOFSKY,
DEVON SPRINGER, ERIC STEWART,
JESSE SWANSON, ANDREW WALLS,
CALVIN WESLEY, CHRIS WOODRUFF, on
behalf of themselves and all others similarly
situated,

          Plaintiffs;

v.

DEFENDERS, INC.,

          Defendant.

Civil Action No. 18-470-RGA

## MEMORANDUM OPINION

Brian D. Long, RIGRODSKY & LONG, P.A., Wilmington, DE; Ted E. Trief, Shelly L. Friedland, & Stan Gutgarts, TRIEF & OAK, New York, NY; Peter S. Pearlman, COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP, Saddle Brook, NJ; Macy D. Hanson, THE LAW OFFICE OF MACY D. HANSON, PLLC, Madison, MS, attorneys for Plaintiffs.

J. Cory Falgowski, BURR & FORMAN LLP, Wilmington, DE; K. Bryance Metheny, Ronald W. Flowers, Jr., & H. Carlton Hilson, BURR & FORMAN LLP, Birmingham, AL, attorneys for Defendant.

November 14, 2018

**ANDREWS, U.S. DISTRICT JUDGE:**

Currently pending before the Court is Plaintiffs' Motion to Conditionally Certify a FLSA Collective Action and Send Notice to the Class. (D.I. 31). The Parties have briefed the issues. (D.I. 32; D.I. 44; D.I. 50). For the following reasons, the Court GRANTS Plaintiffs' Motion.

## I. BACKGROUND

Plaintiffs are former and current Security Advisors ("SAs") employed by Defendant Defenders, Inc. Plaintiffs filed this action on March 28, 2018. (D.I. 1). Plaintiffs seek to recover unpaid overtime under the Fair Labor Standards Act on behalf of:

> All Security Advisors employed by Defendant who, at any time during the period beginning three years before the filing of this Complaint up to and including the date of final judgment in this matter, installed homeowner security/alarm systems and/or performed service on those systems for Defendant ("Collective Class").

(D.I. 1 ¶ 23). Plaintiffs filed an Amended Complaint on May 24, 2018, which included an additional five Plaintiffs. (D.I. 19). Currently, three additional SAs have filed written consents, wishing to join this action if it is certified as a collective action ("the Opt-Ins"). (D.I. 32 at 12). Together, Plaintiffs and Opt-Ins have worked for Defendant in nine states: Alabama, Delaware, Georgia, Florida, Indiana, Kentucky, Mississippi, Tennessee, and Texas. (*Id.*).

Plaintiffs allege that Defendant failed to appropriately calculate and compensate SAs nationwide for time spent in meetings and travel time, resulting in underpayment of overtime due to SAs. (D.I. 32 at 13). Plaintiffs move to conditionally certify and send notice to the following class: "all current and former Security Advisors employed by [Defendant] after March 28, 2015, who worked overtime hours but were not paid overtime wages during all or part of their employment." (D.I. 31-2).

1

## II. LEGAL STANDARD

The Fair Labor Standards Act ("FLSA") allows one or more employees to pursue an action in a representative capacity for "other employees similarly situated." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); 29 U.S.C. § 216(b). FLSA collective actions under § 216(b) require: (1) all plaintiffs to be "similarly situated," and (2) plaintiffs must "opt-in" to the collective action by filing an affirmative consent to join. Statutes of limitations are not tolled for putative members of a FLSA class until they affirmatively "opt-in" to the action. *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 200 (3d Cir. 2011), *overruled on other grounds*, 569 U.S. 66 (2013). FLSA class certification has two steps: conditional certification and final certification. *Halle v. West Penn Allegheny Health Sys.*, 842 F.3d 215, 223-24 (3d Cir. 2016); *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 535 (3d Cir. 2012). If conditional certification is granted at the first stage, the court will order notice to be issued to the proposed class. At the second stage, after discovery has been taken, the court will make "a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013).

At the conditional certification stage, a court must determine whether the named plaintiffs have made a "modest factual showing . . . demonstrat[ing] a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Halle*, 842 F.3d at 224. The proposed class is "similarly situated" if there are "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Zavala*, 691 F.3d at 535. The Third Circuit has held that conditional "certification . . . is only the district court's exercise of its

2

*discretionary* power to facilitate the sending of notice to potential class members." *Symczyk*, 656 F.3d at 194 (emphasis added).

A significant question under the conditional certification analysis is "the extent to which the claims of the putative class can be proven through common evidence, versus individualized testimony." *Banks v. Radioshack Corp.*, 2014 WL 1724856, at *2 (E.D. Pa. Apr. 25, 2014). However, "a defendant's claim or defense that individualized circumstances of employees render the matter unsuitable for collective treatment may be more appropriately reviewed during step two of the certification process." *Burkhart-Deal v. Citifinancial, Inc.*, 2010 WL 457127, at *3 (W.D. Pa. Feb. 4, 2010); *see also Charles v. Progressions Behavioral Health Servs., Inc.*, 2018 WL 4924169, at *5 (E.D. Pa. Oct. 9, 2018) (courts generally grant conditional certification in spite of factual differences); *Ivanovs v. Bayada Home Health Care, Inc.*, 2018 WL 4583510, at *4 (D.N.J. Sept. 25, 2018) (holding exemption analysis should occur at decertification stage rather than conditional certification).

**III. DISCUSSION**

Plaintiffs request the Court conditionally certify a FLSA collective action and order notice to be sent to members of a class of "all current and former Security Advisors employed by [Defendant] after March 28, 2015 who worked overtime hours but were not paid overtime wages during all or part of their employment." (D.I. 31-2; D.I. 32 at 5). Defendant opposes conditional certification on the following grounds: (1) Plaintiffs have not alleged a common unlawful "decision, policy or plan" and (2) that individualized inquiries will be necessary to determine if (a) SAs are entitled to additional overtime and how much and (b) SAs are exempt from FLSA's overtime provisions. (D.I. 44 at 6). Plaintiffs respond that Defendant (1) asks the Court to judge

3

the merits of Plaintiffs' claims prematurely and (2) does not demonstrate that individualized issues bar conditional certification. (D.I. 50 at 6).

## A. Conditional Certification is Proper

### 1. Plaintiffs Have Met Their Burden

Defendant asserts Plaintiffs have failed to make a "modest factual showing" supporting conditional certification. Specifically, Defendant argues Plaintiffs have not demonstrated a common unlawful "decision, policy, or plan." (D.I. 44 at 6).

The Court disagrees. Plaintiffs have made the required "modest factual showing." *Halle*, 842 F.3d at 224. Plaintiffs' Complaint alleges that the Defendant failed to pay all overtime due to SAs in violation of FLSA by failing to properly account for and pay for the time SAs spent attending meetings and traveling.[1] Specifically, Plaintiffs provide certifications from fourteen SAs in nine different states stating that they did not receive compensation for time spent at meetings or on travel, resulting in underpayment of the overtime they were owed.[2] (D.I. 32-2). Plaintiffs allege that the underpayment was the result of a common policy applied nationwide of failing to appropriately account for and compensate SAs for meeting and travel time. (D.I. 32 at 16; D.I. 32-2). Plaintiffs also present evidence that the alleged unlawful compensation structure was a single corporate policy. (D.I. 33, Ex. J). Therefore, Plaintiffs have met their burden of showing that the class they propose to represent "were together the victims of a single decision, policy or plan." *Zavala*, 691 F.3d at 535.

---

[1] Defendant argues that its pay structure was designed to primarily compensate SAs through commission, which pursuant to 29 C.F.R. § 778.109 lawfully covered the time SAs spent in meetings and traveling. (D.I. 44 at 25). This is an argument regarding the merits of Plaintiffs' FLSA claims and not whether the proposed class is similarly situated for the purposes of conditional certification.

[2] Defendant alleges that because these declarations are "cookie-cutter," the Court should disregard them as factual support. The Court disagrees. This is simply further evidence of a common policy or treatment of the proposed class. (D.I. 44 at 12-13).

4

Moreover, Plaintiffs have also demonstrated that they and the proposed class are similarly situated. Plaintiffs and the proposed class have identical job titles, identical job descriptions, materially similar, if not identical, job duties, and were compensated according to the same compensation structure. (D.I. 33, Ex B, D, E, J; D.I. 44 at 8 (describing eleven-step process for customer appointments)). Defendant submitted declarations from currently employed SAs to rebut Plaintiffs' showing that the job duties were materially similar. Defendant asks the Court to assess the merits of that alleged unlawful policy. However, resolution of factual disputes and merit determinations are not appropriate at the conditional certification stage. *See, e.g., Charles*, 2018 WL 4924169, at *5; *Bowser v. Empyrean Servs., LLC*, 324 F.R.D. 346, 352 (W.D. Pa. 2018). Therefore, the declarations submitted by Defendant do not overcome Plaintiffs' satisfaction of their burden at this stage.

### 2. The Possibility of Individualized Inquiries Does Not Bar Conditional Certification

Defendant also submits that conditional certification should not be granted because individualized inquiries will be required to (1) resolve Plaintiffs' claims for unpaid travel time overtime, and (2) determine whether Plaintiffs and other SAs are exempt under FLSA's outside sales exemption or Section 7(i) exemption. (D.I. 44 at 29-32). However, courts in this Circuit regularly resolve issues of individualized inquiries at stage two of the certification process. *See, e.g., Charles*, 2018 WL 4924169, at *5 (finding courts generally grant conditional certification in spite of factual differences); *Ivanovs*, 2018 WL 4583510, at *4 (holding exemption analysis should occur at decertification stage rather than conditional certification stage); *Dunkel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 201 (W.D. Pa. 2014) ("it would be inappropriate to deny conditional 'certification' now" on the basis that overtime determinations will require

5

individualized assessments); *Burkhart-Deal*, 2010 WL 457127, at *3 ("[D]efendant's claim or defense that individualized circumstances of employees render the matter unsuitable for collective treatment may be more appropriately reviewed during step two of the certification process."). I agree that the issue of individualized determinations is more appropriately resolved at the decertification stage with the benefit of a full factual record.

### B. Plaintiffs' Proposed Order and Notice

Defendant objects to the following items in Plaintiffs' Proposed Order and Notice: (1) the conflicting time periods for consent forms to be submitted; (2) the methods of distribution and requests for social security numbers, birth dates, and email addresses; and (3) the failure of the notice to include a statement regarding applicable defenses, list Defendant's counsel, or inform class members that the Court may award costs against them. (D.I. 44 at 34-35). However, Defendant only briefly addresses these objections and requests further opportunity and a hearing to address the contents of the notice. (D.I. 34-35). Plaintiffs have indicated a willingness to meet and confer with Defendant on their objections. (D.I. 50 at 15 n.24)

The Court agrees with Defendant on the following matters. First, the conflicting time period for class members with independent counsel and class members accepting Plaintiffs' counsel should be reconciled. The Court concludes that all class members should have sixty days from the date of notice within which to "opt-in" regardless of their intended counsel. Second, the Court agrees that Plaintiffs' request for social security numbers and birthdates is inappropriate. Therefore, the Court will only require Defendant to provide Plaintiffs' counsel with the last known address, telephone number, and email address for class members.

Defendant also objects to the contents of Plaintiffs' proposed Notice, identifying items it believes should be added. (D.I. 44 at 34-45). Defendant did not submit a competing notice, nor

provide the Court with drafted language that it submits should be added to the notice. Given Plaintiffs' willingness to meet and confer on Defendant's objections, the Court will grant the parties ten days to meet and confer regarding the language to be added.

Finally, the Court finds Plaintiffs' proposed methods of distribution appropriate. Courts in this Circuit regularly permit follow-up notices and posting of the notice at work sites of the defendant. *See, e.g., Gervasio v. Wawa Inc.*, 2018 WL 385189, at *7 (D.N.J. Jan. 10, 2018) (ordering reminder postcard and email to be sent half-way through notice period and copy of Notice to be posted by Defendant at all locations where class members are employed). Therefore, the Court will order that (1) Plaintiffs shall send initial notice to class members through mail or email, (2) Plaintiffs may send follow-up notices by mail or email to those class members who have not responded by halfway through the notice period, and (3) Defendant shall post notice at all of Defendant's worksites where SAs are employed in the same areas in which it is required to post FLSA notices.

## IV. CONCLUSION

For the forgoing reasons, Plaintiffs' Motion for Conditional Certification is GRANTED. An accompanying order will be entered.