UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x

TEDDY ARCHER, TREY BERNADOU,
SEDETRIC CHAMBLISS, ERVIN DESIR,
BRODRICK FRANCIS, JAMES HUTCHINSON,
DANIEL MANOFSKY, DEVON SPRINGER,
ERIC STEWART, JESSE SWANSON,
ANDREW WALLS, CALVIN WESLEY,
CHRIS WOODRUFF, DELRIC CANADAY,
BRETT CASDEN, ANDREW ASCANIO,
CHRISTOPHER HACKETT, JOHN ROCCO,
NEILL CROMARTIE, EVIAN ARCHERO,
STEVEN BEIERSCHMITT, on behalf of themselves
and all others similarly situated,

Civil Action No.: 1:18-cv-00470-RGA

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiffs,

v.

DEFENDERS, INC.,

Defendant.

-----------------------------------------------------------------x

## <u>SECOND AMENDED COMPLAINT</u>

Plaintiffs Teddy Archer, Trey Bernadou, Sedetric Chambliss, Brodrick Francis, James

Hutchinson, Daniel Manofsky, Devon Springer, Eric Stewart, Andrew Walls, Calvin Wesley,

Chris Woodruff, Delric Canaday, Brett Casden, Andrew Ascanio, Christopher Hackett, John

Rocco, Neill Cromartie, Evian Archero, and Steven Beierschmitt (collectively, "Plaintiffs"),

allege as follows:

## <u>INTRODUCTION</u>

1.     Plaintiffs are employees of defendant Defenders, Inc. ("Defendant" or

"Defenders").  Whether referred to by Defendant as security advisors, service technicians, or

otherwise (all, collectively referred to herein as "Security Advisors"), Plaintiffs' functions as

employees include the installation of homeowner security/alarm systems and/or the performance of service on those systems for Defendant.

2.      Plaintiffs bring this action on behalf of themselves and other Security Advisors who are currently or were previously employed by Defendant as Security Advisors.  The Security Advisors are similarly situated and constitute members of the classes alleged in this Complaint.

3.      This action arises out of Defendant's failure to pay the Security Advisors for time spent performing various compensable tasks, including but not limited to: (a) traveling to and from Defendant's customers, (b) attending lengthy meetings mandated by Defendant, (c) waiting for customers to arrive at the home (including those who never complete their orders, for whom the Security Advisors receive no compensation at all), (d) assisting other Security Advisors on certain jobs, and (e) responding to certain service calls.  By failing to even include much of this time in the calculations of hours worked, Defendant undercounted the amount of compensable time worked each week, and accordingly failed to pay proper overtime.

4.      Defendant's failure to track and pay for all compensable work was a breach of Defendant's contract with the Security Advisors; a violation of the Fair Labor Standards Act ("FLSA"), due to the resulting inadequate and inaccurate overtime payments; and a violation of California, New York, New Jersey, and Washington state law, which, among other things, require that employers compensate their employees for each hour worked.

5.      Defendant also failed to reimburse fully the Security Advisors for certain mileage expenses, in breach of the contract with the Security Advisors and of California law.

## PARTIES

6.      Plaintiff, Teddy Archer, is a citizen of the State of Alabama.  From approximately January 2015 through September 2017, Mr. Archer was employed as a Security Advisor by Defendant at its Birmingham, Alabama branch.

7.      Plaintiff, Trey Bernadou, is a citizen of the State of Texas.  From approximately January 2016 through March 2017, Mr. Bernadou was employed as a Security Advisor by Defendant at its Dallas, Texas branch.

8.      Plaintiff, Sedetric Chambliss, is a citizen of the State of Texas.  From approximately July 2015 through April 2016, Mr. Chambliss was employed as a Security Advisor by Defendant at its Jackson, Mississippi and Memphis, Tennessee branches. Additionally, from approximately April 2016 through July 2017, Mr. Chambliss was also employed as a Security Advisor by Defendant at its Dallas, Texas branch.

9.      Plaintiff, Brodrick Francis, is a citizen of the State of Texas.  From approximately July 2015 through September 2017, Mr. Francis was employed as a Security Advisor by Defendant at its Dallas and Fort Worth, Texas branches.

10.     Plaintiff, James Hutchinson, is a citizen of the State of Alabama.  From approximately November 2016 through the present, Mr. Hutchinson has been employed as a Security Advisor by Defendant at its Birmingham, Alabama branch.

11.     Plaintiff, Daniel Manofsky, is a citizen of the State of Alabama.  From approximately 2012 through September 2017, Mr. Manofsky was employed as a Security Advisor by Defendant at its Birmingham, Alabama branch.

12.     Plaintiff, Devon Springer, is a citizen of the State of Georgia.  From approximately October 2016 through February 2018, Mr. Springer was employed as a Security Advisor by Defendant at its East Atlanta, Georgia branch.

13.     Plaintiff, Eric Stewart, is a citizen of the State of Texas.  From approximately September 2016 through May 2017, Mr. Stewart was employed as a Security Advisor by Defendant at its Dallas, Texas branch.

14.     Plaintiff, Andrew Walls, is a citizen of the State of Delaware.  From approximately December 2015 through the present, Mr. Walls has been employed as a Security Advisor by Defendant at its Dover, Delaware branch.

15.     Plaintiff, Calvin Wesley, is a citizen of the State of Louisiana.  From approximately September 2016 through January 2017, Mr. Wesley was employed as a Security Advisor by Defendant at its Dallas, Texas branch.

16.     Plaintiff, Chris Woodruff, is a citizen of the State of Florida.  From approximately 2013 through January 2018, Mr. Woodruff was employed as a Security Advisor by Defendant at its Pelham, Alabama branch.  Additionally, from approximately January 2018 through the present, Mr. Woodruff has been employed as a Security Advisor by Defendant at its Lakeland, Florida branch.

17.     Plaintiff, Delric Canaday, is a citizen of the State of California.  From approximately 2014 through February 2016, Mr. Canaday was employed as a Security Advisor by Defendant at its Sacramento, California branch.

18.     Plaintiff, Brett Casden, is a citizen of the State of California.  From approximately March 2015 through September 2017, Mr. Casden was employed as a Security Advisor by Defendant at its Palm Springs, California branch.

19. Plaintiffs Delric Canaday and Brett Casden are collectively referred to herein as the "California Named Plaintiffs."

20. Plaintiff, Evian Archero, is a citizen of the State of New Jersey. From approximately October 2014 through February 2018, Mr. Archero was employed as a Security Advisor by Defendant at its Cherry Hill, New Jersey branch.

21. Plaintiff, Steven Beierschmitt, is a citizen of the State of New Jersey. From no later than 2012 through December 2017, Mr. Beierschmitt was employed as a Security Advisor by Defendant at its Cherry Hill, New Jersey branch.

22. Plaintiffs Evian Archero and Steven Beierschmitt are collectively referred to herein as the "New Jersey Named Plaintiffs."

23. Plaintiff, Andrew Ascanio, is a citizen of the State of Washington. From approximately March 2014 through July 2016 and approximately June 2018 through the present, Mr. Ascanio has been employed by Defendant as a Security Advisor at its Seattle, Washington branch. Additionally, from approximately August 2016 through May 2018, Mr. Ascanio was employed by Defendant as a Security Advisor at its Syracuse, New York branch.

24. Plaintiff, John Rocco, is a citizen of the State of New York. From the fall of 2016 to the spring of 2017, Mr. Rocco was employed as a Security Advisor by Defendant at its Henrietta, New York branch.

25. Plaintiff, Neill Cromartie, is a citizen of the State of New York. From September 2016 through September 2017, Mr. Cromartie was employed as a Security Advisor by Defendant at its Whitestone, New York branch.

26. Plaintiffs John Rocco, Neill Cromartie, and Andrew Ascanio are collectively referred to herein as the "New York Named Plaintiffs."

27.     Plaintiff, Christopher Hackett, is a citizen of the State of Washington.  From approximately 2014 through 2016, Mr. Hackett was employed as a Security Advisor by Defendant at its Tacoma, Washington branch.

28.     Plaintiffs Andrew Ascanio and Christopher Hackett are collectively referred to herein as the "Washington Named Plaintiffs."

29.     Plaintiffs' consents to be party plaintiffs are attached hereto as Exhibit A.

30.     Defendant is an Indiana corporation with corporate offices located at 3750 Priority Way South Drive, Indianapolis, Indiana, and upon information and belief, over 1,000 other offices throughout the United States, including Delaware.

31.     Defendant has an office at 1203 College Park Drive, Dover, Delaware that employed some of the Plaintiffs, along with other Security Advisors.

32.     Defendant is, and at all relevant times was, a provider of burglar alarm installation services to its customers.

33.     Defendant has registered with the Delaware Secretary of State as a foreign corporation authorized to conduct business in Delaware.

## JURISDICTION AND VENUE

34.     This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

35.     This Court has supplemental jurisdiction over Plaintiffs' breach of contract claims and state law violation claims pursuant to 28 U.S.C. § 1367.

36.     This Court also has jurisdiction over Plaintiffs' breach of contract claims and state law violation claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregate claims of the individual class members exceed the sum value of $5,000,000

exclusive of interest and costs, there are believed to be in excess of 100 Class members, and this is a case in which at least some members of the proposed classes have a different citizenship from Defendant.

37.     This Court has personal jurisdiction over Defendant because Defendant does business with the state of Delaware, and is registered with the Delaware Secretary of State.

38.     Personal jurisdiction also applies to Defendant because Defendant has purposefully availed itself of the privileges of conducting activities in the state of Delaware and established minimum contracts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process. Defendant maintains an office in Delaware through which it entered into employment contracts with some of the Plaintiffs, and where Defendant had some of the Plaintiffs perform uncompensated work that is the subject of this litigation.

39.     Venue is proper in this judicial district because, pursuant to 28 U.S.C. § 1391, Defendant is a resident of this judicial district as an entity subject to the court's personal jurisdiction with respect to the civil action in question and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## CLASS DEFINITIONS

40.     Plaintiffs bring this suit on behalf of the following similarly situated persons:

All Security Advisors employed by Defendant who, at any time during the period beginning three years before the filing of this Complaint up to and including the date of final judgment in this matter, installed homeowner security/alarm systems and/or performed service on those systems for Defendant ("Collective Class").

The similarly situated persons that comprise the Collective Class are collectively referred to

herein as "Collective Class Members" and include, but are not limited to, the individual

Plaintiffs.

41.     Plaintiffs also bring this suit on behalf of the following proposed classes:

a.     The proposed "National Class" is comprised of and defined as:

All Security Advisors employed by Defendant who, at any time during the
applicable statute of limitations preceding the filing of this action up to and
including the date of final judgment in this matter, installed homeowner
security/alarm systems and/or performed service on those systems for Defendant.

The persons that comprise the National Class are collectively referred to herein as

"National Class Members" and include, but are not limited to, the individual Plaintiffs.

b.     The proposed "California Subclass" is comprised of and defined as:

All Security Advisors employed in the state of California by Defendant who, at
any time during the applicable statute of limitations preceding the filing of this
action up to and including the date of final judgment in this matter, installed
homeowner security/alarm systems and/or performed service on those systems for
Defendant.

The persons that comprise the California Subclass are collectively referred to herein as

"California Subclass Members" and include, but are not limited to, the California Named

Plaintiffs.

c.     The proposed "California Former Employee Subclass" is comprised of

and defined as:

All California Subclass Members whose employment with Defendant was
terminated at any time during the applicable statute of limitations preceding the
filing of this action up to and including the date of final judgment in this matter.

The persons that comprise the California Former Employee Subclass are collectively

referred herein as "California Former Employee Subclass Members" and include, but are

not limited to, the California Named Plaintiffs.

8

     d.     The proposed "New Jersey Subclass" is comprised and defined as:

> All Security Advisors employed in the state of New Jersey by Defendant who, at any time during the applicable statute of limitations preceding the filing of this action up to and including the date of final judgment in this matter, installed homeowner security/alarm systems and/or performed service on those systems for Defendant.

The persons that comprise the New Jersey Subclass are collectively referred herein as "New Jersey Subclass Members" and include, but are not limited to, the New Jersey Named Plaintiffs.

     e.     The proposed "New York Subclass" is comprised and defined as:

> All Security Advisors employed in the state of New York by Defendant who, at any time during the applicable statute of limitations preceding the filing of this action up to and including the date of final judgment in this matter, installed homeowner security/alarm systems and/or performed service on those systems for Defendant.

The persons that comprise the New York Subclass are collectively referred herein as "New York Subclass Members" and include, but are not limited to, the New York Named Plaintiffs.

     f.     The proposed "Washington Subclass" is comprised and defined as:

> All Security Advisors employed in the state of Washington by Defendant who, at any time during the applicable statute of limitations preceding the filing of this action up to and including the date of final judgment in this matter, installed homeowner security/alarm systems and/or performed service on those systems for Defendant.

The persons that comprise the Washington Subclass are collectively referred herein as "Washington Subclass Members" and include, but are not limited to, the Washington Named Plaintiffs.

42.     Plaintiffs reserve the right to amend these class and subclass definitions as necessary.

43.     There is a well-defined community of interest in this litigation and the members of the Class and Subclasses are easily ascertainable as set forth below:

a.     <u>Numerosity</u>:  The members of the National Class and each subclass are so numerous that joinder of all members of the National Class and Subclasses would be unfeasible and impractical.  The National Class is estimated to have approximately 2,000 members.  The California Subclass, the New Jersey Subclass, the New York Subclass, and the Washington Subclass are estimated to have approximately 275, 48, 83, and 31 members respectively.  The membership of the California Former Employee Subclass is unknown to Plaintiffs at this time, however, it is estimated to be greater than 20 individuals, and the identity of such membership is readily ascertainable by inspection of Defendant's employment records. The National Class Members, the California Subclass, the California Former Employee Subclass, the New Jersey Subclass, the New York Subclass, and the Washington Subclass may be notified of the pendency of this action through published and/or mailed notice.

b.     <u>Commonality</u>:  There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual members including, but not limited to:

1) the terms of Defendant's agreement with Plaintiffs and National Class Members;

2) whether Defendant uniformly failed to pay Plaintiffs and Class and Subclass Members for travel time, meeting time, time spent accompanying fellow Security Advisors on installation jobs, and/or time spent waiting for the customer to arrive at the home to begin the installation;

10

3) whether Defendant uniformly failed to fully reimburse Plaintiffs and Class and Subclass Members for mileage expenses;

4) whether Defendant uniformly breached its agreements with Plaintiffs and National Class Members;

5) whether Defendant uniformly failed to pay legally required minimum wage for all hours worked, as required under California, New Jersey, New York, and Washington law;

6) whether Defendant uniformly failed to pay premium overtime compensation to the California Named Plaintiffs and California Subclass Members for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and double time wages for work over twelve (12) hours in a day, and failed to pay premium overtime compensation to the New York Named Plaintiffs and New York Subclass Members for hours worked in excess of forty (40) hours per week;

7) whether Defendant uniformly failed to reimburse the California Named Plaintiffs and California Subclass Members for business expenses they incurred in violation of California Labor Code § 2802;

8) whether Defendant uniformly failed to provide the California Named Plaintiff and California Subclass Members with paid rest breaks in accordance with California Labor Code § 226.7 and all applicable Industrial Welfare Commission ("IWC") wage orders;

9) whether Defendant uniformly failed to provide the California Named Plaintiffs and California Subclass Members with wage statements that complied

with the requirements of California Labor Code § 226, and uniformly failed to provide the New York Named Plaintiffs and New York Subclass Members with wage statements that complied with the requirements of New York Labor Law § 198;

10) whether Defendant uniformly failed to pay wages to the California Named Plaintiffs and California Former Employee Subclass Members in accordance with the timing requirements of California Labor Code §§ 201 and 202;

11) whether Defendant's conduct willfully or recklessly violated provisions of the California Labor Code;

12) whether Defendant engaged in unfair competition in violation of California Business & Professions Code §§ 17200, *et seq.*; and

13) the extent of damages sustained by Plaintiffs and the Class and Subclass Members.

c.    <u>Typicality</u>:  Plaintiffs are qualified to, and will fairly and adequately protect the interests of each member of the National Class and Subclasses with whom they have a well-defined community of interest.  Plaintiffs' claims herein alleged are typical of those claims which could be alleged by any member of the National Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the National Class and/or Subclasses in separate actions.  All members of the National Class, California Subclass,  California Former Employee Subclass, New Jersey Subclass, New York Subclass, and/or the Washington Subclass have been similarly harmed by being denied wages including minimum and overtime premium

wages, failing to be reimbursed for business expenses, being denied rest periods, being provided non-compliant wage statements, and being denied complete final wages upon termination of employment due to Defendant's policies and practices that affected each member of the National Class, California Subclass, California Former Employee Subclass, New Jersey Subclass, New York Subclass, and/or Washington Subclass similarly.  Further, Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the National Class, California Subclass, California Former Employee Subclass, New Jersey Subclass, New York Subclass, and/or Washington Subclass.

d.      <u>Adequacy</u>:  Plaintiffs are qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses. Plaintiffs' attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and are experienced in handling such matters.  Other former and current employees of Defendant may also serve as representatives of the Class and Subclasses if needed.

e.      <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits.  Individual ascertainable losses and damages of Plaintiffs and other Class and Subclass Members are not sufficiently large to justify their instituting individual actions, and the prosecution of

separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendant, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.  Moreover, no unusual difficulties are likely to be encountered in the management of this case as a class action and this case will be manageable as a Rule 23 class action.  Defendant has a computer and payroll system that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

    f. <u>Public Policy Considerations</u>:  Employers violate employment and labor laws every day.  Employees face significant economic hurdles in bringing private actions to vindicate their rights individually.  In addition, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights efficiently, without fear of retaliation or damage.

44. This case is properly maintainable as a class action.

## COLLECTIVE ACTION ALLEGATIONS:  DEFENDERS FAILED
## TO PROPERLY CALCULATE AND PAY PLAINTIFFS
## AND THE COLLECTIVE CLASS MEMBERS OVERTIME

45.     At all relevant times, Plaintiffs and the Collective Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, common policies, plans, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiffs and the Collective Class Members the legally required overtime.

46.     Plaintiffs' claims stated herein are essentially the same as those of the other Collective Class Members.

47.     At all relevant times, Defendant maintained control, oversight, and direction over the operation of the branches in which Plaintiffs and the other Collective Class Members worked.

48.     At all relevant times, Defendant controlled the schedules, duties, assignments, requirements, and employment conditions of Plaintiffs and the other Collective Class members.

49.     At all relevant times, Plaintiffs and the other Collective Class Members were "employees" of Defendant as that term is used in 29 U.S.C. § 203(e)(1).

50.     At all relevant times, Defendant employed and/or continues to employ Plaintiffs and the other Collective Class Members within the meaning of the FLSA.

51.     Pursuant to 29 U.S.C. § 207, employers are required to pay their employees overtime in the amount of one and one-half times their regular rate of pay for employment in excess of forty hours if in any workweek the employee is "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours."

52.     The work performed by Plaintiffs and the other Collective Class Members was work that was engaged in commerce and in the production of goods for commerce.

53.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

54.     Plaintiffs and the other Collective Class Members regularly worked in excess of forty hours in a week.

55.     Defendant failed to correctly compensate Plaintiffs and the other Collective Class Members for overtime work performed by them.

56.     Plaintiffs and the other Collective Class Members installed and serviced residential security systems.

57.     Defendant generally paid Plaintiffs and the other Collective Class Members for each installation and certain service jobs completed.

58.     As detailed below, however, Plaintiffs and the other Collective Class Members were not paid for other compensable work as required by the FLSA.  As a result, Plaintiffs and the other Collective Class Members have not received proper overtime pay.

59.     Defendant required Plaintiffs and the other Collective Class Members to travel to Defendant's local branch offices to attend mandatory daily and weekly meetings.

60.     Defendant required Plaintiffs and the other Collective Class Members to attend other meetings.

61.     Defendant's meetings were extensive and frequently lasted for several hours.

62.     Defendant tracked the time Plaintiffs and the other Collective Class Members spent attending such meetings but, throughout the relevant period, did not pay them for this time,

with the exception of certain California Subclass Members, who were paid for some time spent attending meetings.

63.     Plaintiffs and the other Collective Class Members were required to travel using their own personal vehicles to the job sites (*i.e.*, the customers' homes) where they performed the installation and/or service work.

64.     Defendant tracked the time Plaintiffs and the other Collective Class Members spent in transit but did not pay them for this time.

65.     Plaintiffs and the other Collective Class Members were required to handle "ride-alongs," *i.e.* to assist fellow Security Advisors in performing installations where the primary Security Advisor required additional resources and/or support from a more senior Security Advisor.

66.     Plaintiffs and the other Collective Class Members were not compensated for time spent on ride-alongs, even if Defendant tracked the time spent on such tasks.

67.     During at least a portion of the relevant time period, Plaintiffs and the other Collective Class Members were not compensated for completing service calls to customers whose alarms systems Plaintiffs and the other Collective Class Members had personally installed.  Instead, they were only compensated for completing service calls to customers whose alarm systems were installed by another Security Advisor.

68.     Plaintiffs and the other Collective Class Members were not compensated for time spent by Plaintiffs and the other Collective Class Members in installing and uninstalling alarm systems for customers who refused to complete their orders.

69.     In addition, if an appointment at a customer's home was delayed or cancelled for any reason after the Plaintiffs and other Collective Members arrived, *e.g.,* if the customer was

not home, the Plaintiffs and the other Collective Class Members were required to wait at the installation location for the customer to appear but would not be compensated for their wait time.

70.     Plaintiff and other Collective Class Members were required to wait, on location, up to three hours for a customer who was not at home upon the Security Advisor's arrival at the assigned appointment time.

71.     If the customer did not arrive after three hours, Plaintiff and the other Collective Class Members could then depart that location, but received no compensation for the time spent waiting for the customer to arrive and/or for the time spent traveling to and/or from the customer's home.

72.     In arriving at a regular rate of pay for the purposes of calculating the overtime due Plaintiffs and the other Collective Class Members, Defendant utilized a wage figure that did not include compensation for numerous tasks, *e.g.*, attending meetings, travel, cancelled installations, certain service calls, and/or ride-alongs.

73.     Accordingly, in determining whether Plaintiffs and the other Collective Class Members worked overtime, and in calculating the overtime premium pay rate to which they were entitled, Defendant did not properly calculate the time for which overtime pay was due and/or the rate of pay for such overtime.

74.     As a result of the failure to pay Plaintiffs and the other Collective Class Members for the above-referenced compensable tasks and to include such payment in the calculation of the amount of overtime due Plaintiffs and the other Collective Class Members, Defendant failed to pay Plaintiffs and the other Collective Class Members the proper amount of overtime due them.

75.     Defendant maintained a policy and practice of adjusting the regular rate of pay of Plaintiffs and the other Collective Class Members every eight weeks to account for compensation earned through sales and services provided by them to customers of Defendant.

76.     However, Defendant failed to calculate overtime properly by, among other things, failing to include in the calculation of the regular rate of pay of Plaintiffs and the other Collective Class Members the full amounts earned by them from sales and services provided by them to customers of Defendant.

77.     By virtue of the foregoing, Defendant failed to pay Plaintiffs and the other Collective Class Members the overtime due them pursuant to the FLSA.

78.     Defendant knew or should have known that pursuant to the FLSA, employers must compensate employees for time spent performing the tasks set forth above, which are compensable under the FLSA.

79.      Defendant knew or should have known that the FLSA requires it to pay Plaintiffs and the other Collective Class Members overtime for the work performed by them in excess of forty hours per week.

80.     With respect to the claims set forth in this action, a collective action brought pursuant to the provisions of the FLSA is appropriate because the Security Advisors are similarly situated to Plaintiffs because, among other factors, they have been or are employed in the same or similar positions, they were or are subject to the same or similar unlawful practices, policies, or plans, and their claims are based upon the same or similar factual and legal theories.

81.     The FLSA claims for relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

82.     Defendant possesses, controls and/or has access to information and electronic data that shows the identity and last known address of Plaintiffs and the other Collective Class Members and amounts of time Plaintiffs and the other Collective Class Members spent in traveling to their assigned work, performing installations or service calls, and attending meetings.

83.     The identity of the Collective Class Members is readily ascertainable.

84.     For purposes of notice and other purposes related to this action, the names and addresses of the Collective Class Members are readily available from Defendant's records.

85.     Notice can be provided to the Collective Class Members via First Class Mail to the last address known to Defendant.

**DEFENDERS BREACHED ITS CONTRACT WITH PLAINTIFFS
AND THE NATIONAL CLASS MEMBERS:
RULE 23 NATIONAL CLASS AND SUBCLASS ACTION ALLEGATIONS**

86.     Plaintiffs and the other National Class Members, including the California Subclass Members, the New Jersey Subclass Members, the New York Subclass Members, and the Washington Subclass Members (collectively with the National Class, the "National Class and Subclass Members") are current and former Security Advisors who were employed by Defendant at locations throughout the United States at any time during the applicable statute of limitations period.

87.     This claim is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

88.     Defendant agreed to pay Plaintiffs and the other National Class and Subclass Members for all time they spent working for Defendant.

89.     Among other things, Defendant agreed to pay Plaintiffs and the other National Class and Subclass Members, as part of their compensation, for the time spent (a) traveling to and from locations at which homeowner security/alarm systems were to be installed or serviced

20

for a customer, (b) waiting on location for customers to make their homes accessible for installation, (c) working on installations that required a team of two or more Security Advisors, (d) traveling to and attending mandatory meetings, and (e) completing service calls for certain previously-installed systems.

90.     Despite due demand, Defendant has failed and refused to fully compensate Plaintiffs and the other National Class and Subclass Members for their time spent on these tasks.

91.     By failing to pay Plaintiffs and the other National Class and Subclass Members for this time, Defendant has breached its agreement with them.

92.     In addition, Defendant agreed to reimburse Plaintiffs and the other National Class and Subclass Members, among other things, for expenses incurred traveling to and/or from Defendants' customers' homes.

93.     In practice, however, Defendants breached this agreement by failing to fully reimburse Plaintiffs and the other National Class and Subclass Members for their travel expenses.  Among other things, for example, when Defendants' customers canceled or failed to appear for an installation appointment, Defendant did not provide full reimbursement for the mileage expended to and/or from the customers' homes.

94.     Defendant was aware that the Named Plaintiffs and National Class Subclass Members were performing this work and incurring these expenses without adequate compensation or reimbursement.

95.     By reason of the foregoing, Plaintiffs and the other National Class and Subclass Members have been damaged in an amount to be determined at trial.

## CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 216(B) Collective Action on Behalf of the Collective Class)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, et seq. – FAILURE TO PAY OVERTIME

96.     Plaintiffs re-allege and incorporate paragraphs 1-85 as if fully set forth herein.

97.     At all relevant times to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

98.     At all relevant times, Defendant has continuously been an employer of multiple employees engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

99.     At all relevant times, Defendant was an enterprise covered by the FLSA and as defined by 29 U.S.C. §§ 203(r) and 203(s).

100.    At all relevant times, Defendant had an annual gross volume of sales made or business done of over $500,000 for each year in the relevant period and continues to have, an annual gross business volume in excess of $500,000.

101.    At all relevant times, Defendant had multiple employees, including Plaintiffs and the other Collective Class Members, engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

102.    At all relevant times to this action, Plaintiffs and the other Collective Class Members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

103.     At all relevant times to this action, Defendant "suffered or permitted" Plaintiffs and the other Collective Class Members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

104.     Plaintiffs and the other Collective Class Members worked in excess of 40 hours during some workweeks in the relevant period.

105.     Defendant failed to correctly compensate Plaintiffs and the other Collective Class Members for the overtime work performed by them during the relevant period.

106.     In determining whether Plaintiffs and the other Collective Class Members worked overtime and in calculating the overtime to which they were entitled, Defendant failed to include work time spent by Plaintiffs and the other Collective Class Members in attending meetings, traveling, installing and uninstalling alarm systems for customers who did not complete their orders, assisting other Security Advisors, waiting for customers to provide access to their homes, and performing certain service calls.

107.     Defendant knew or could have easily determined how long it took for Plaintiffs and the other Collective Class Members to complete the above tasks and should have properly compensated Plaintiffs and the other Collective Class Members for all the work they performed, but did not.

108.     Defendant in paying overtime failed to properly calculate the rate for overtime and thus failed to pay Plaintiffs and the other Collective Class Members the overtime due them.

109.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the other Collective Class Members.

110.     Defendant's violations of the FLSA were knowing and willful.

111.    Plaintiffs are informed and believe, and thereon allege, that Defendant is and was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of federal wage and employment laws.

112.    As a result of Defendant's violation of the FLSA, Plaintiffs and the other Collective Class members were damaged and are entitled to recover from Defendant overtime compensation, liquidated damages, reasonable attorneys' fees, costs, and expenses of this action pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Rule 23 Nationwide Class Action on Behalf of the National Class)
### BREACH OF CONTRACT

113.    Plaintiffs re-allege and incorporate paragraphs 1-44 and 86-95 as if fully set forth herein.

114.    At all relevant times to this action, Defendant had contracts with Plaintiffs and the other National Class Members whereby it agreed to pay them for each hour they worked.

115.    At all relevant times to this action, Defendant had contracts with Plaintiffs and the other National Class Members whereby it agreed to reimburse them for all driving expenses incurred in their travel for work.

116.    Plaintiffs and the other National Class Members accepted the terms of Defendant's contractual promises and performed under their contract by doing their jobs and carrying out the work they performed each day.

117.    Despite due demand, Defendant has failed to pay Plaintiffs and the other National Class Members the sums due them under their contracts with Defendant.

118.    As a direct and proximate result of Defendant's breaches of the contracts alleged herein, Plaintiffs and the other National Class Members have been damaged, in an amount to be determined at trial.

119.    These claims are appropriate for nationwide class certification under Rule 23(b)(2) and (b)(3) because the law of contracts is substantially the same throughout the United States with respect to the claims alleged herein.

**COUNT III**
**(Rule 23 Class Action on Behalf of the California Subclass)**
**VIOLATION OF CALIFORNIA LABOR CODE, §§ 1194, 1197, 1198 -**
**FAILURE TO PAY COMPENSATION DUE FOR EACH HOUR WORKED**

120.    The California Named Plaintiffs, on behalf of themselves and the California Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

121.    The California Named Plaintiffs and California Subclass Members are current and former Security Advisors employed by Defendant at locations throughout the state of California. At all relevant times, the California Named Plaintiffs and California Subclass Members work(ed) in non-exempt, non-managerial positions.

122.    The California Named Plaintiffs and California Subclass Members were not, throughout the relevant period, fully compensated for the time they spent on various compensable tasks, including (a) traveling to and from locations at which homeowner security/alarm systems were to be installed or serviced for a customer, (b) waiting on location for customers to make their homes accessible for installation, (c) working on installations that required a team of two or more Security Advisors, (d) traveling to mandatory meetings, and (e) completing service calls for certain previously-installed systems, as alleged above in paragraphs 59-72 and 89-90.

123.     During at least some portion of the relevant period, the California Named Plaintiffs and California Subclass Members were not compensated for attending mandatory meetings.

124.     At all relevant times, California Labor Code § 1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum for any hour worked is unlawful.

125.     At all relevant times, Plaintiff and Class Members were not paid for all hours that they worked, and were not allowed even to record certain hours worked.

126.     At all relevant times, Defendant regularly failed to pay minimum wage for each hour worked to Plaintiff and Class Members as required by law.  Defendant's failure to pay Plaintiff and Class Members minimum wages as required violates California Labor Code § 1197.

127.     Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees under California Labor Code § 1194 and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon under California Labor Code § 1194.2.

### COUNT IV
**(Rule 23 Class Action on Behalf of the California Subclass)**
**VIOLATION OF CALIFORNIA LABOR CODE, §§ 510, 1194 -**
**FAILURE TO PAY OVERTIME WAGES**

128.     The California Named Plaintiffs, on behalf of themselves and the California Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

129.     At all relevant times, the IWC Wage Orders applicable to the California Named Plaintiffs' and California Subclass Members' employment by Defendant provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of time-and-one-half his or her regular rate of pay

for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of two times his or her regular rate of pay.

130.    California Labor Code § 510 codifies the right to overtime compensation at the rate of time-and-one-half the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

131.    At all relevant times, the California Named Plaintiffs and California Subclass Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

132.    At all relevant times, the California Named Plaintiffs and California Subclass Members regularly performed non-exempt work in excess of 50% of the time, and thus, were subject to the overtime requirements of the applicable IWC Wage Orders and the California Labor Code.

133.    At all relevant times, Defendant failed to properly pay overtime wages owed to the California Named Plaintiffs and California Subclass Members.

134.    When Defendant did pay premium overtime and double time to the California Named Plaintiffs and California Subclass Members, it failed to properly calculate the California Named Plaintiffs' and California Subclass Members' regular rates of pay and corresponding premium overtime rates.

135.    Defendant' failure to pay the California Named Plaintiffs and California Subclass Members the unpaid balance of premium overtime compensation violates the provisions of

California Labor Code §§ 510 and 1198 and the applicable IWC Wage Orders and is therefore unlawful.

136.    Accordingly, Defendant owes the California Named Plaintiffs and California Subclass Members overtime wages, and have failed and refused, and continue to fail and refuse, to pay the California Named Plaintiffs and California Subclass Members the overtime wages owed.

137.    Under California Labor Code § 1194, the California Named Plaintiffs and California Subclass Members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**COUNT V**
**(Rule 23 Class Action on Behalf of the California Subclass)**
**VIOLATION OF CALIFORNIA LABOR CODE, § 226.7 -**
**FAILURE TO PROVIDE REST PERIODS**

138.    The California Named Plaintiffs, on behalf of themselves and the California Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

139.    Under the IWC wage order applicable to the California Named Plaintiffs' and California Subclass Members' employment by Defendant:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages.

140.    Labor Code § 226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.  Defendant was required to authorize and permit employees such as the California Named Plaintiffs and California Subclass Members to take paid rest periods, based upon the total hours worked at a

rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages.  Despite said requirements of the IWC wage orders applicable to the California Named Plaintiffs' and California Subclass Members' employment by Defendant, Defendant failed and refused to authorize and permit the California Named Plaintiffs and California Subclass Members to take paid ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

141.    At all relevant times, Defendant only allowed the California Named Plaintiffs and California Subclass Members to be on the clock during meetings, meal breaks, and/or installation/service appointments making it impossible for the California Named Plaintiffs and California Subclass Members to ever take a paid rest break as required by the IWC wage order applicable to the California Named Plaintiffs' and California Subclass Members' employment with Defendant.

142.    For the three (3) years preceding the filing of this lawsuit, Defendant failed to provide the California Named Plaintiffs and California Subclass Members the required paid rest periods under the IWC wage orders applicable to the California Named Plaintiffs' and California Subclass Members' employment by Defendant and Labor Code § 226.7. As a proximate result of the aforementioned violations, the California Named Plaintiffs and California Subclass Members have been damaged in an amount according to proof at time of trial.

143.    Under Labor Code § 226.7, the California Named Plaintiffs and California Subclass Members are entitled to recover one (1) hour of premium pay for each day in which a paid rest period was not provided.

**COUNT VI**
**(Rule 23 Class Action on Behalf of the California Subclass)**
**VIOLATION OF CALIFORNIA LABOR CODE, § 2802 -**
**FAILURE TO REIMBURSE EMPLOYEE EXPENSES**

144.    The California Named Plaintiffs, on behalf of themselves and the California

Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

145.    California Labor Code § 2802 provides in pertinent part that: "An employer shall

indemnify his or her employee for all necessary expenditures or losses incurred by the employee

in direct consequence of the discharge of his or her duties …."

146.    At all relevant times, the California Named Plaintiffs and California Subclass

Members have been required to incur and pay for expenses in the discharge of their employment

duties including, but not limited to vehicular expenses without complete reimbursement from

Defendant.

147.    As a proximate result of Defendant's violations of Labor Code § 2802, the

California Named Plaintiffs and California Subclass Members have been damaged in an amount

according to proof.

148.    The California Named Plaintiffs and California Subclass Members are entitled to

recover the full amount of the expenses they incurred in the course of their job duties, plus

interest, attorneys' fees, and costs under Labor Code § 2802.

**COUNT VII**
**(Rule 23 Class Action on Behalf of the California Subclass)**
**VIOLATION OF CALIFORNIA LABOR CODE, § 226 -**
**FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS**

149.    The California Named Plaintiffs, on behalf of themselves and the California

Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

150.    Additionally, the California Named Plaintiffs and California Subclass Members were not issued wage statements that complied with California Labor Code § 226(a)'s requirements. At all relevant times, Defendant provided wage statements to the California Named Plaintiffs and California Subclass Members that failed to: (1) report total hours worked; and (2) include the applicable commission rate and amount of sales for the applicable time period.

151.    California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages:  "Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee .…"

152.    At all relevant times, Defendant knowingly and intentionally failed, and continue to fail, to furnish the California Named Plaintiffs and California Subclass Members compliant wage statements upon each payment of wages in violation of California Labor Code § 226(a).

Specifically, the wage statements Defendant provided, and continue to provide, to the California Named Plaintiffs and California Subclass Members violated California Labor Code § 226(a) because they failed to: (1) report total hours worked; and (2) include the applicable commission rate and amount of sales for the applicable time period.

153.    California Labor Code § 226(e) provides:  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

154.    California Labor Code § 226(e)(2)(B) states in pertinent part "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: … (i) …any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…."

155.    Defendant knowingly and intentionally failed, and continues to fail, to furnish the California Named Plaintiffs and California Subclass Members with compliant wage statements upon each payment of wages in violation of California Labor Code § 226(a).

156.    Defendant will no doubt continue these illegal practices until such time as it is forced to pay penalties in compliance with Labor Code § 226(e).

157.     The California Named Plaintiffs and California Subclass Members were and continue to be injured and damaged by Defendant's failure to comply with California Labor Code § 226(a) and, accordingly, are entitled to recover statutory penalties, attorneys' fees, and costs under Labor Code § 226(e).

### COUNT VIII
**(Rule 23 Class Action on Behalf of the California Former Employee Subclass)**
**VIOLATION OF CALIFORNIA LABOR CODE, §§ 201-203 -**
**FAILURE TO TIMELY PAY WAGES DUE**

158.     The California Named Plaintiffs, on behalf of themselves and the California Former Employee Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

159.     Labor Code §§ 201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§ 201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

160.     Because Defendant willfully and illegally failed to pay the California Named Plaintiffs' and California Former Employee Subclass Members' wages for all hours they worked as well as properly calculated premium wages for all overtime hours they worked as alleged herein, during the relevant time period, Defendant willfully failed and refused, and continue to willfully fail and refuse to pay the California Named Plaintiffs and California Former Employee

33

Subclass Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendant's employ.

161.    Defendant's willful failure to pay the California Named Plaintiffs and California Former Employee Subclass Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§ 201-202.

162.    As a result, Defendant is liable to the California Named Plaintiffs and California Former Employee Subclass Members for waiting time penalties under Labor Code § 203, in an amount according to proof at the time of trial.

**COUNT IX**
**(Rule 23 Class Action on Behalf of the California Subclass)**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE,**
**§ 17200 et seq. -UNFAIR COMPETITION**

163.    The California Named Plaintiffs, on behalf of themselves and the California Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

164.    Defendant's conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to the California Named Plaintiffs and California Subclass Members, Defendant's competitors, and the general public.  The California Named Plaintiffs seek to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

165.    Defendant's policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, et seq.

166.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant case, Defendant's policy

34

and practice of failing to pay the California Named Plaintiffs and California Subclass Members overtime and minimum wages, as well as to provide them with paid rest periods and fully reimburse them for their business expenses over the past four (4) years violates Labor Code §§ 2802, 1198, 1197, 1197.1, 1194, 510, 226.7, and the applicable IWC wage orders.

167.    The California Named Plaintiffs and California Subclass Members have been personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

168.    Under California Business and Professions Code § 17200, *et seq.*, the California Named Plaintiffs and California Subclass Members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years prior to the filing of this action; an award of attorneys' fees under California Code of Civil Procedure § 1021.5, and an award of costs.

## COUNT X
### (Rule 23 Class Action on Behalf of the New Jersey Subclass)
### VIOLATION OF NEW JERSEY ADMINISTRATIVE CODE § 12:56-5.1
### AND THE NEW JERSEY WAGE AND HOUR LAW FOR
### FAILURE TO PAY COMPENSATION DUE FOR EACH HOUR WORKED

169.    The New Jersey Named Plaintiffs, on behalf of themselves and the New Jersey Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

170.    The New Jersey Named Plaintiffs and New Jersey Subclass Members are current and former Security Advisors who were employed by Defendant at locations throughout the state of New Jersey.  At all relevant times, the New Jersey Named Plaintiffs and New Jersey Subclass Members work(ed) in non-exempt, non-managerial positions.

171.    The New Jersey Named Plaintiffs and New Jersey Subclass Members were not, throughout the relevant period, fully compensated for the time they spent on various compensable tasks, including (a) traveling to and from locations at which homeowner

security/alarm systems were to be installed or serviced for a customer, (b) waiting on location for customers to make their homes accessible for installation, (c) working on installations that required a team of two or more Security Advisors, (d) traveling to and attending mandatory meetings, and (e) completing service calls for certain previously-installed systems, as alleged above in paragraphs 59-72 and 89-90.

172.    At all relevant times, New Jersey Administrative Code § 12:56-5.1 has provided that employees that are entitled to the benefits of the New Jersey Wage and Hour Law "shall be paid for all hours worked."

173.    At all relevant times, New Jersey Administrative Code § 12:56-5.2(a) has provided that all of the time that the employee is required to be either at his or her place of work or on duty "shall be counted as hours worked."

174.    At all relevant times, New Jersey Administrative Code provides that a violation of Chapter 56 of the New Jersey Administrative Code constitutes a violation of the New Jersey Wage and Hour Law.

175.    At all relevant times, New Jersey Named Plaintiffs and New Jersey Subclass Members were not paid for all hours that they worked.

176.    By reason of the foregoing, New Jersey Named Plaintiffs and New Jersey Subclass Members are entitled to recover the unpaid balance of their wages as well as interest, costs, and attorneys' fees.

## COUNT XI
### (Rule 23 Class Action on Behalf of the New York Subclass)
### VIOLATION OF NEW YORK LABOR LAW §§ 191, 193, 650 et seq. -
### FAILURE TO PAY MINIMUM WAGES AND STRAIGHT TIME/"GAP TIME"

177.    The New York Named Plaintiffs, on behalf of themselves and the New York Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

178.    The New York Named Plaintiffs and New York Subclass Members are current and former Security Advisors who were employed by Defendant at locations throughout the state of New York.  At all relevant times, the New York Named Plaintiffs and New York Subclass Members work(ed) in non-exempt, non-managerial positions.

179.    The New York Named Plaintiffs and New York Subclass Members were not, throughout the relevant period, fully compensated for the time they spent on various compensable tasks, including (a) traveling to and from locations at which homeowner security/alarm systems were to be installed or serviced for a customer, (b) waiting on location for customers to make their homes accessible for installation, (c) working on installations that required a team of two or more Security Advisors, (d) traveling to and attending mandatory meetings, and (e) completing service calls for certain previously-installed systems, as alleged above in paragraphs 59-72 and 89-90.

180.    At all relevant times, the New York Named Plaintiffs and New York Subclass Members were employees and Defendant has been an employer within the meaning of the New York Labor Law.

181.    New York Labor Law requires that employees are paid for all hours worked and are paid at least the minimum wage for such work, pursuant to NYLL § 198 and NYLL § 652, which requires that every employer pay each employee for each hour of work a wage of not less than the minimum wage.

182.    Throughout the New York Plaintiffs' employment with Defendant, Defendant willfully failed to pay the New York Named Plaintiffs and New York Subclass Members for all hours worked.

183.    By failing to pay New York Named Plaintiffs and New York Subclass Members wages for all hours worked, Defendant violated New York Labor Law.

184.    The New York Named Plaintiffs and New York Subclass Members seek and are entitled to recover their unpaid compensation; liquidated damages; and attorneys' fees and costs as provided by NYLL § 198(1-a), and NYLL § 663; pre- and post-judgment interest; and such other relief as this Court deems just and proper.

## COUNT XII
### (Rule 23 Class Action on Behalf of the New York Subclass)
### VIOLATION OF NEW YORK LABOR ARTICLE 19 AND 12 NYCRR § 142.2. - FAILURE TO PAY OVERTIME WAGES

185.    The New York Named Plaintiffs, on behalf of themselves and the New York Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

186.    At all relevant times, the New York Named Plaintiffs and New York Subclass Members were employees and Defendant has been an employer within the meaning of the New York Labor Law.

187.    The wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

188.    Throughout the New York Plaintiffs' employment with Defendant, Defendant willfully failed to pay the New York Named Plaintiffs and New York Subclass Members overtime wages to which they were entitled under New York Labor Law.

189.    By failing to pay New York Named Plaintiffs and New York Subclass Members overtime wage for hours worked in excess of 40 hours per week, Defendant violated New York

Labor Law and the supporting regulations of the New York State Department of Labor as promulgated in 12 NYCRR § 142.2.

190.    The New York Named Plaintiffs and New York Subclass Members seek and are entitled to recover their unpaid compensation; liquidated damages; and attorneys' fees and costs as provided by NYLL § 198(1-a), and NYLL § 663; pre- and post-judgment interest; and such other relief as this Court deems just and proper.

## COUNT XIII
### (Rule 23 Class Action on Behalf of the New York Subclass)
### VIOLATION OF NEW YORK WAGE THEFT PREVENTION ACT NYLL § 195(3) - FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS

191.    The New York Named Plaintiffs, on behalf of themselves and the New York Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

192.    At all relevant times, the New York Named Plaintiffs and New York Subclass Members were employees and Defendant has been an employer within the meaning of the New York Labor Law.

193.    The record-keeping provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

194.    The Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria.

195.    Throughout the employment of the New York Named Plaintiffs and the New York Subclass Members, Defendant failed to furnish them with accurate, written wage statements as required by the WTPA, in violation of the WTPA.

196.    The New York Named Plaintiffs and New York Subclass Members seek and are entitled to recover damages together with attorneys' fees and costs as provided by NYLL

§ 198(1-d) for these violations of the WTPA, as provided by NYLL § 198(1-d); post-judgment interest; and such other relief as this Court deems just and proper.

### COUNT XIV
### (Rule 23 Class Action on Behalf of the Washington Subclass)
### VIOLATION OF § 49.52.050 OF THE REVISED CODE OF WASHINGTON
### FOR FAILURE TO PAY COMPENSATION PURSUANT TO ITS OBLIGATION

197.    The Washington Named Plaintiffs, on behalf of themselves and the Washington Subclass Members, re-allege and incorporate the preceding paragraphs as if fully set forth herein.

198.    The Washington Named Plaintiffs and Washington Subclass Members are current and former Security Advisors who were employed by Defendant at locations throughout the state of Washington.  At all relevant times, the Washington Named Plaintiffs and Washington Subclass Members work(ed) in non-exempt, non-managerial positions.

199.    The Washington Named Plaintiffs and Washington Subclass Members were not, throughout the relevant period, fully compensated for the time they spent on various compensable tasks, including (a) traveling to and from locations at which homeowner security/alarm systems were to be installed or serviced for a customer, (b) waiting on location for customers to make their homes accessible for installation, (c) working on installations that required a team of two or more Security Advisors, (d) traveling to and attending mandatory meetings, and (e) completing service calls for certain previously-installed systems, as alleged above in paragraphs 59-72 and 89-90.

200.    At all relevant times, § 49.52.050(2) of the Washington Revised Code ("RCW") has provided that any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

201.    At all relevant times, RCW § 49.52.070 provides in pertinent part that any employer or agent of any employer that violates § 49.52.050(2) shall be liable in a civil action for twice the amount of the wages withheld, together with costs of suit and a reasonable sum for attorney's fees, provided that the employee has not knowingly submitted to such violations.

202.    Defendant has willfully, and with intent to deprive the Washington Named Plaintiffs and the Washington Subclass Members of their wages, paid the Washington Named Plaintiffs and the Washington Subclass Members lower wages than the wages that Defendant was obligated to pay them by contract.

203.    The Washington Named Plaintiffs and the Washington Subclass Members have not knowingly submitted to such violations.

204.    By reason of the foregoing, Washington Named Plaintiffs and Washington Class Members are entitled to recover twice the unpaid balance of their wages as well as interest, costs, and attorneys' fees.

## RELIEF REQUESTED

Wherefore, Plaintiffs, Teddy Archer, Trey Bernadou, Sedetric Chambliss, Brodrick Francis, James Hutchinson, Daniel Manofsky, Devon Springer, Eric Stewart, Andrew Walls, Calvin Wesley, Chris Woodruff, Delric Canaday, Brett Casden, Andrew Ascanio, Christopher Hackett, John Rocco, Neill Cromartie, Evian Archero, and Steven Beierschmitt, request judgment be entered against Defendant as follows:

a.  Certifying this case as a collective action (for the Collective Class) in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b.  Certifying this action as a class action (for the National Class) pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to Plaintiffs' breach of contract claim (Count II);

c.  Certifying this action as a class action (for the California Subclass and the California Former Employee Subclass) pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to the California Named Plaintiffs' California state law claims (Counts III-IX);

d.  Certifying this action as a class action (for the New Jersey Subclass) pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to the New Jersey Named Plaintiffs' New Jersey state law claims (Count X);

e.  Certifying this action as a class action (for the New York Subclass) pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to the New York Named Plaintiffs' New York state law claims (Counts XI-XIII);

f.  Certifying this action as a class action (for the Washington) pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to the Washington Named Plaintiffs' Washington state law claims (Counts XIV);

g.  Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective Class Members, National Class Members, California Subclass Members, California Former Employee Subclass Members, New Jersey Subclass Members, New York Subclass Members, and Washington Subclass Members;

h.  Permitting Plaintiffs to send notice of this action to all the Collective Class Members and including the publishing of notice in a manner that is reasonably calculated to apprise them of their rights by law to join and participate in this lawsuit;

i.  Designating Plaintiffs as the representatives of the Collective Class and the National Class, and the California Named Plaintiffs, the New Jersey Named Plaintiffs, the New York Named Plaintiffs, and the Washington Named Plaintiffs as the representatives, respectively, of the California Subclass and California Former Employee Subclass, the New Jersey Subclass, the New York Subclass, and the Washington Subclass and undersigned counsel as counsel for the same;

j.  Awarding Plaintiffs and the Collective Class overtime compensation for unpaid wages;

k.  Awarding Plaintiffs and the Collective Class liquidated damages;

l.  Awarding Plaintiffs and the National Class damages arising from Defendant's breach of their contract in an amount to be determined at trial;

m. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in connection with this action as provided by statute;

n.  Awarding the California Named Plaintiffs and the California Subclass the unpaid balance of their wages as well as interest, costs, and attorneys' fees under California Labor Code § 1194 and liquidated damages under Labor Code § 1194.2;

o.  Awarding the California Named Plaintiffs and the California Subclass the unpaid balance of their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees under Labor Code § 1194;

p.  Awarding the California Named Plaintiffs and the California Subclass one (1) hour of premium pay for each day in which a required rest period was not provided and attorneys' fees and costs;

q.  Awarding the California Named Plaintiffs and the California Subclass unreimbursed business expenses as well as interest, costs, and attorneys' fees under California Labor Code § 2802;

r.  Awarding the California Named Plaintiffs and the California Subclass statutory damages measured at $50 for the first violation, and $100 for every subsequent violation, as well as reasonable attorneys' fees and costs under California Labor Code § 226(e);

s.  Awarding the California Named Plaintiffs and the California Former Employee Subclass statutory penalties under Labor Code § 203, and pre-judgment interest for wages untimely paid;

t.  Ordering that that Defendant: (i) pay restitution and/or disgorgement of sums to the California Named Plaintiff and California Subclass Members for their past failures to pay minimum and overtime wages over the last four (4) years in an amount according to proof; (ii) pay restitution and/or disgorgement of sums to the California Named Plaintiff and California Subclass Members for their past failures to pay premium wages for meal and/or rest periods that were not provided to the California Named Plaintiff and California Subclass Members over the last four (4) years in an amount according to proof; (iii) pay pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due; (iv) pay reasonable attorneys' fees under the Labor Code and California Code of Civil Procedure § 1021.5;

u.  Awarding the New Jersey Named Plaintiffs and the New Jersey Subclass the unpaid balance of their wages as well as interest, costs, and attorneys' fees;

v.  Awarding the New York Named Plaintiffs and the New York Subclass the unpaid balances of their wages as well as interest, costs, and attorneys' fees; and

w.  Award the New York Named Plaintiffs and the New York Subclass statutory damages measured at $250 for each work day that the violations occurred or continue to occur, but not to exceed a total of $5,000, violation, as well as reasonable attorneys' fees and costs under New York Labor Law § 198(1-d);

x.  Awarding the Washington Named Plaintiffs and Washington Class Members twice the unpaid balance of their wages as well as interest, costs, and attorneys' fees;

y.  Awarding pre- and post-judgment interest to Plaintiffs and the Collective and National Classes on these damages; and

z.  Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs Teddy Archer, Trey Bernadou, Sedetric Chambliss, Brodrick Francis, James Hutchinson, Daniel Manofsky, Devon Springer, Eric Stewart, Andrew Walls, Calvin Wesley, Chris Woodruff, Delric Canaday, Brett Casden, Andrew Ascanio, Christopher Hackett, John Rocco, Neill Cromartie, Evian Archero, and Steven Beierschmitt, individually and on behalf of all other similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Respectfully Submitted,

Dated: March 15, 2019

By:    */s/ Brian D. Long*
**RIGRODSKY & LONG, P.A.**
Brian D. Long
300 Delaware Avenue
Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Email: BDL@rl-legal.com

**TRIEF & OLK**
Ted E. Trief
Barbara Olk
Shelly L. Friedland
Eyal Dror
150 E. 58th Street, 34th Floor
New York, NY 10155
Telephone: (212) 486-6060
Email: ttrief@triefandolk.com

**COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP**
Peter S. Pearlman
Park 80 Plaza West One,
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Telephone: (201) 845-9600
Email: psp@njlawfirm.com

**THE LAW OFFICE OF MACY D.
HANSON, PLLC**
Macy D. Hanson
The Echelon Center
102 First Choice Drive
Madison, MS 39110
Telephone: (601) 853-9521
Email: macy@macyhanson.com

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
Roy K. Suh (SBN 283988)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone: (310) 531-1900
Email: MMatern@maternlawgroup.com

# EXHIBIT A

## CONSENT TO JOIN COLLECTIVE ACTION
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action: Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.

I also designate the collective action Representative(s), should it not be me, and their attorneys – Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

2-14-18
_____
Date

Teddy Gerald Archer
_____
Print Name

_____
Signature

1055 10th St          Pleasant Grove       AL       35127
_____
Address                    City                State    Zip Code

205-915-3598          teddyarcher67@gmail.com
_____
Telephone Number           Email Address

To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:

Trief & Olk
150 East 58th Street – 34th Floor
New York, NY 10155
Fax: (212) 317-2946

**CONSENT TO JOIN COLLECTIVE ACTION**
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action:  The Law Office of Macy D. Hanson, PLLC (Madison, Mississippi); Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.
I also designate the collective action Representative(s), should it not be me, and their attorneys – The Law Office of Macy D. Hanson, PLLC, Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____
Date

_____
Print Name

_____
Signature

_____                    _____                    _____
Address                     City                     State     Zip Code

_____                    _____                    _____
Telephone Number                              Email Address

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**
The Law Office of Macy D. Hanson, PLLC
102 First Choice Drive, Madison, MS 39110
macy@macyhanson.com

## CONSENT TO JOIN COLLECTIVE ACTION
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action: The Law Office of Macy D. Hanson, PLLC (Madison, Mississippi); Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.

I also designate the collective action Representative(s), should it not be me, and their attorneys – The Law Office of Macy D. Hanson, PLLC, Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

03/21/18
_____
Date

Mr        Sedetric Chambliss
_____
Print Name

_____
Signature

8971 vantage point drive, apt 3101        Dallas        Tx    75243
Address                                   City          State  Zip Code

601-807-5500                      Sedetricchambliss@yahoo.com
_____   _____
Telephone Number                          Email Address

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**

The Law Office of Macy D. Hanson, PLLC
102 First Choice Drive, Madison, MS 39110
macy@macyhanson.com

## CONSENT TO JOIN COLLECTIVE ACTION
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable.  I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action:  The Law Office of Macy D. Hanson, PLLC (Madison, Mississippi); Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.
I also designate the collective action Representative(s), should it not be me, and their attorneys – The Law Office of Macy D. Hanson, PLLC, Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

# 5/2/18
Date

# Brodrick Francis
Print Name

Signature

800 Lake Carolyn pkwy apt. 133     Irving          Tx     75039
Address                            City           State  Zip Code

985-518-1202                 BL.Francis88@yahoo.com
Telephone Number                   Email Address

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**
The Law Office of Macy D. Hanson, PLLC
102 First Choice Drive, Madison, MS 39110
macy@macyhanson.com

## CONSENT TO JOIN COLLECTIVE ACTION
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action: Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.

I also designate the collective action Representative(s), should it not be me, and their attorneys – Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

2-15-18
_____
Date

James E. Hutchinson
_____
Print Name

_____
Signature

1074 Anderson Rd      Jasper      Al      35503
_____
Address                 City        State    Zip Code

205-300-4087          James.Hutchinson6906@Gmail.com
_____
Telephone Number                Email Address

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**

Trief & Olk
150 East 58th Street – 34th Floor
New York, NY 10155
Fax: (212) 317-2946

FROM HOOVER TOYOTA NEW CARS   (THU)FEB 15 2018 11:39/ST. 11:38/No. 9309705579 P   1

## CONSENT TO JOIN COLLECTIVE ACTION
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action: Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.

I also designate the collective action Representative(s), should it not be me, and their attorneys — Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.— as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

2/15/2018
Date

DANIEL MANOFSKY
Print Name

Signature

312 MILLS WAY       PELHAM       AL       35124
Address                              City            State      Zip Code

205-616-4099       DANIEL.MANOFSKY @ YAHOO.COM
Telephone Number                    Email Address

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**

Trief & Olk
150 East 58th Street – 34th Floor
New York, NY 10155
Fax: (212) 317-2946

## CONSENT TO JOIN COLLECTIVE ACTION
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action: The Law Office of Macy D. Hanson, PLLC (Madison, Mississippi); Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.

I also designate the collective action Representative(s), should it not be me, and their attorneys – The Law Office of Macy D. Hanson, PLLC, Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Date: 3/30/2018

Print Name: Devon Springer

Signature: Devon Springer

Address: 455 14th St Nw    City: Atlanta    State: Ga    Zip Code: 30318

Telephone Number: 678-599-6400    Email Address: mrspringer09@gmail.com

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**

The Law Office of Macy D. Hanson, PLLC
102 First Choice Drive, Madison, MS 39110
macy@macyhanson.com

**CONSENT TO JOIN COLLECTIVE ACTION**
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable.  I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action:  The Law Office of Macy D. Hanson, PLLC (Madison, Mississippi); Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.
I also designate the collective action Representative(s), should it not be me, and their attorneys – The Law Office of Macy D. Hanson, PLLC, Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____

Date

_____

Print Name

_____

Signature

_____            _____            _____

Address                 City                 State     Zip Code

_____            _____            _____

Telephone Number                  Email Address

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**
**The Law Office of Macy D. Hanson, PLLC**
**102 First Choice Drive, Madison, MS 39110**
macy@macyhanson.com

## CONSENT TO JOIN COLLECTIVE ACTION
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable.  I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action:  Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.

I also designate the collective action Representative(s), should it not be me, and their attorneys – Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

2-15-2018
_____
Date

Andrew D. Walls
_____
Print Name

_____
Signature

521 Cambridge Richard Grove Dr.   Camden   DE   19934
_____
Address                          City              State    Zip Code

(302) 270-2673                   andrewdwalls@gmail.com
_____
Telephone Number                 Email Address

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**

Trief & Olk
150 East 58th Street – 34th Floor
New York, NY 10155
Fax: (212) 317-2946

# CONSENT TO JOIN COLLECTIVE ACTION
### Fair Labor Standards Act of 1938
### 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action: The Law Office of Macy D. Hanson, PLLC (Madison, Mississippi); Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.

I also designate the collective action Representative(s), should it not be me, and their attorneys – The Law Office of Macy D. Hanson, PLLC, Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5/3/18
Date

Calvin Wesley
Print Name

_____
Signature

301 Birch Drive          Lafayette          LA          70506
Address                  City               State       Zip Code

985-158-7319             Wesley7880@yahoo.com
Telephone Number         Email Address

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**

The Law Office of Macy D. Hanson, PLLC
102 First Choice Drive, Madison, MS 39110
macy@macyhanson.com

## CONSENT TO JOIN COLLECTIVE ACTION
Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in a collective action brought against my current or former employer(s) Defenders, Inc., or affiliated entities or individuals (collectively "Defenders") for their failure to pay me and other similarly situated employees all earned minimum wages and overtime.

I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq* and analogous state law claims where applicable. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

I hereby designate the following law firms to represent me for all purposes in this action: Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Cohn Lifeland Pearlman Herrmann & Knopf LLP, 250 Pehle Ave Suite 401, Saddle Brook, NJ 07663; and Rigrodsky & Long, P.A., 825 E Gate Blvd #300, Garden City, NY 11530.

I also designate the collective action Representative(s), should it not be me, and their attorneys – Trief & Olk, Cohn Lifeland Pearlman Herrmann & Knopf LLP, and Rigrodsky & Long, P.A.– as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3/8/18
_____
Date

Christopher Woodruff
_____
Print Name

*Chris Woodruff*
_____
Signature

_____
Address                          City            State        Zip Code

205 435 1021          woody1021102@gmail.com
_____
Telephone Number                 Email Address

**To join this collective action, you must complete this consent to join form, sign your name where indicated, and either mail, fax or e-mail it to the following address:**

Trief & Olk
150 East 58th Street – 34th Floor
New York, NY 10155
Fax: (212) 317-2946

Archer v Defenders Notice Administrator
C/O Rust Consulting, Inc. – 6397
PO Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

*0 1 2 3 4 5 6 7 8 9 *

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS,
BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL
MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW
WALLS, CALVIN WESLEY, AND CHRIS WOODRUFF, ET AL.

      Plaintiffs,

   v.

DEFENDERS, INC.,

      Defendant.

Civil Action No.: 1:18-cv-00470- RGA

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Defenders, Inc., and any other associated parties.

I authorize Trief & Olk, Rigrodsky & Long, P.A., Cohn Lifland Pearlman Herrmann & Knopf LLP, and The Law Office of Macy D. Hanson, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 3/1/19

Email: delman09@gmail.com

Signature: [signature]

Address: 7509 WILD OAK DR. CITRUS HTS. CA 95621

Name: DELRLL J. CANADAY

Phone: (916) 821-9523

To be considered for representation send the completed form to Trief & Olk, 150 East 58th Street, New York, NY 10155 or send it by fax to (212) 317-2946, or e-mail it to Billy Killips at bkillips@triefandolk.com. If you have not received a confirmation of receipt of the Consent by Plaintiffs' counsel within three (3) weeks from your transmission of the form to us, you must contact us by phone at (212) 486-6060.

Archer v Defenders Notice Administrator
C/O Rust Consulting, Inc. - 6397
PO Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS



* 0 1 2 3 4 5 6 7 8 9 *

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS,
BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL
MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW
WALLS, CALVIN WESLEY, AND CHRIS WOODRUFF, ET AL.

        Plaintiffs,

    v.

DEFENDERS, INC.,

        Defendant.

Civil Action No.: 1:18-cv-00470- RGA

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Defenders, Inc., and any other associated parties.

I authorize Trief & Olk, Rigrodsky & Long, P.A., Cohn Lifland Pearlman Herrmann & Knopf LLP, and The Law Office of Macy D. Hanson, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 2/26/2019

Signature: _____

Name: Brett Casden

Email: Desert Brett @ Gmail.com

Address: 42752 Washington St. #56, Bermuda Dunes CA 92203

Phone: (760) 845- 5921

To be considered for representation send the completed form to Trief & Olk, 150 East 58th Street, New York, NY 10155 or send it by fax to (212) 317-2946, or e-mail it to Billy Killips at bkillips@triefandolk.com.  If you have not received a confirmation of receipt of the Consent by Plaintiffs' counsel within three (3) weeks from your transmission of the form to us, you must contact us by phone at (212) 486-6060.

Archer v Defenders Notice Administrator
C/O Rust Consulting, Inc. - 6397
PO Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

|||||||||||||||||||||||||| UAA 1966
* 0 0 0 0 0 0 7 4 1 *

ANDREW ASCANIO
300 110TH AVE NE APT 302
BELLEVUE WA 98004-8346

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS, BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW WALLS, CALVIN WESLEY, AND CHRIS WOODRUFF, ET AL. | |
|        Plaintiffs, | Civil Action No.: 1:18-cv-00470- RGA |
|        v. | |
| DEFENDERS, INC., | |
|        Defendant. | |

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Defenders, Inc., and any other associated parties.

I authorize Trief & Olk, Rigrodsky & Long, P.A., Cohn Lifland Pearlman Herrmann & Knopf LLP, and The Law Office of Macy D. Hanson, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 1/9/18

Signature: _[signature]_

Name: ANDREW ASCANIO

Email: ANDREW.ASCANIO@GMAIL.COM

Address: 300 110th AVE NE #302 BELLEVUE WA 9800

Phone: 360 621 9425

To be considered for representation send the completed form to Trief & Olk, 150 East 58th Street, New York, NY 10155 or send it by fax to (212) 317-2946, or e-mail it to Billy Killips at bkillips@triefandolk.com. If you have not received a confirmation of receipt of the Consent by Plaintiffs' counsel within three (3) weeks from your transmission of the form to us, you must contact us by phone at (212) 486-6060.

Archer v Defenders Notice Administrator
C/O Rust Consulting, Inc. - 6397
PO Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

|||||||||||||||||||  UAA  1982

\* 0 0 0 0 0 6 8 3 5 \*

CHRISTOPHER HACKETT
14222 PACIFIC AVE S APT Q
TACOMA WA 98444-4670

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS,
BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL
MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW
WALLS, CALVIN WESLEY, AND CHRIS WOODRUFF, ET AL.

        Plaintiffs,

    v.

DEFENDERS, INC.,

        Defendant.

Civil Action No.: 1:18-cv-00470- RGA

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Defenders, Inc., and any other associated parties.

I authorize Trief & Olk, Rigrodsky & Long, P.A., Cohn Lifland Pearlman Herrmann & Knopf LLP, and The Law Office of Macy D. Hanson, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 1-9-2019

Email: Ryosuika89@gmail.com

Signature: Christopher Hackett

Address: 14222 Pacific Ave S Apt. Q Tacoma WA, 98444

Name: Christopher Hackett

Phone: 206-775-0905

To be considered for representation send the completed form to Trief & Olk, 150 East 58th Street, New York, NY 10155 or send it by fax to (212) 317-2946, or e-mail it to Billy Killips at bkillips@triefandolk.com. If you have not received a confirmation of receipt of the Consent by Plaintiffs' counsel within three (3) weeks from your transmission of the form to us, you must contact us by phone at (212) 486-6060.

Archer v Defenders Notice Administrator
C/O Rust Consulting, Inc. – 6397
PO Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

UAA 191

*00000141113*

JOHN ROCCO
616 HILLS POND RD
WEBSTER NY 14580-4033

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS, BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW WALLS, CALVIN WESLEY, AND CHRIS WOODRUFF, ET AL.

Plaintiffs,

v.

DEFENDERS, INC.,

Defendant.

Civil Action No.: 1:18-cv-00470- RGA

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Defenders, Inc., and any other associated parties.

I authorize Trief & Olk, Rigrodsky & Long, P.A., Cohn Lifland Pearlman Herrmann & Knopf LLP, and The Law Office of Macy D. Hanson, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 1/8/19

Email: rpj5671@gmail.com

Signature: John P Rocco

Address: 616 Hills Pond Rd. Webster, NY 14580

Name: John P Rocco

Phone: 585-943-3169

To be considered for representation send the completed form to Trief & Olk, 150 East 58th Street, New York, NY 10155 or send it by fax to (212) 317-2946, or e-mail it to Billy Killips at bkillips@triefandolk.com. If you have not received a confirmation of receipt of the Consent by Plaintiffs' counsel within three (3) weeks from your transmission of the form to us, you must contact us by phone at (212) 486-6060.

Archer v Defenders Notice Administrator
C/O Rust Consulting, Inc. – 6397
PO Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

||||||||||||||||||||||||||||||||  UAA 141
\* 0 0 0 0 0 0 3 7 5 9 \*

NEILL CROMARTIE
12425 LUCAS ST
SPRINGFIELD GARDENS NY 11413-1526

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS, BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW WALLS, CALVIN WESLEY, AND CHRIS WOODRUFF, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>DEFENDERS, INC.,<br><br>Defendant. | Civil Action No.: 1:18-cv-00470- RGA |

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Defenders, Inc., and any other associated parties.

I authorize Trief & Olk, Rigrodsky & Long, P.A., Cohn Lifland Pearlman Herrmann & Knopf LLP, and The Law Office of Macy D. Hanson, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 2/6/19                                    Email: THB766@AOL.com

Signature: Neill A. Cromartie III    Address: 124-25 Lucas St.

Name: Neill A. Cromartie III    Phone: 516-476-6601

To be considered for representation send the completed form to Trief & Olk, 150 East 58th Street, New York, NY 10155 or send it by fax to (212) 317-2946, or e-mail it to Billy Killips at bkillips@triefandolk.com.  If you have not received a confirmation of receipt of the Consent by Plaintiffs' counsel within three (3) weeks from your transmission of the form to us, you must contact us by phone at (212) 486-6060.

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Defenders, Inc., and any other associated parties.

I authorize Trief & Olk, Rigrodsky & Long, P.A., Cohn Lifland Pearlman Herrmann & Knopf LLP, and The Law Office of Macy D. Hanson, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining in claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: ___1-30-19___               Email: ___elpresidentHe@gmail.com___

Signature: ___[signature]___       Address: ___1017 H 5L ST. Burlington, N-J 08016___

Name: ___Evian Archero___          Phone: ___347-546-3733___

To be considered for representation send the completed form to Trief & Olk, 150 East 58th Street, New York, NY 10155 or send it by fax to (212) 317-2946, or e-mail it to Billy Killips at bkillips@triefandolk.com. If you have not received a confirmation of receipt of the Consent by Plaintiffs' counsel within three (3) weeks from your transmission of the form to us, you must contact us by phone at (212) 486-6060.

Archer v Defenders Notice Administrator
C/O Rust Consulting, Inc. - 6397
PO Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

|||||||||||||||||||||||| *00000012 81*  UAA 94

STEVEN BEIERSCHMITT
152 HAWTHORNE DR
MOUNT HOLLY NJ 08060-1204

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS, BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW WALLS, CALVIN WESLEY, AND CHRIS WOODRUFF, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>DEFENDERS, INC.,<br><br>Defendant. | Civil Action No.: 1:18-cv-00470- RGA |

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Defenders, Inc., and any other associated parties.

I authorize Trief & Olk, Rigrodsky & Long, P.A., Cohn Lifland Pearlman Herrmann & Knopf LLP, and The Law Office of Macy D. Hanson, PLLC, and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 1/7/19

Signature:

Name: Steven Beierschmitt

Email: Stevencableit1@Gmail.com

Address: 152 Hawthorne Dr. Mt. Holly NJ 08060

Phone: 609-471-1115

To be considered for representation send the completed form to Trief & Olk, 150 East 58th Street, New York, NY 10155 or send it by fax to (212) 317-2946, or e-mail it to Billy Killips at bkillips@triefandolk.com. If you have not received a confirmation of receipt of the Consent by Plaintiffs' counsel within three (3) weeks from your transmission of the form to us, you must contact us by phone at (212) 486-6060.