IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS, BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW WALLS, CALVIN WESLEY, AND CHRIS WOODRUFF, ET AL. | CIVIL ACTION |
| Plaintiffs, | No.: 1:18-cv-00470- RGA |
| v. | |
| DEFENDERS, INC., | |
| Defendant. | |

**THIRD AMENDED SCHEDULING ORDER**

**WHEREAS**, this Court's September 26, 2019 Second Amended Scheduling Order (D.I. 117) set the deadline for completion of discovery by April 30, 2020;

**WHEREAS**, the parties have notified the Court that they need additional time to complete discovery and therefore requested that the remaining deadlines be amended as set forth herein;

**WHEREAS**, this Order governs further proceedings in this action unless modified;

1.  **Discovery**.

    a.  All discovery in this case shall be initiated so that it will be completed by December 31, 2020.

    b.  <u>Expert Discovery</u>.  The parties shall disclose any expert witnesses and provide their report on or before November 20, 2020.  The parties shall disclose any rebuttal expert witnesses and provide their report within 30 days after expert witnesses to be rebutted are disclosed.

1

c. <u>Disputes Relating to Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a hearing. Unless otherwise ordered, by no later than forty-eight hours prior to the hearing, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the hearing, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

2. **Papers Filed Under Seal**. When filing papers under seal, counsel shall email the Clerk the filings. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

3. **Courtesy Copies**. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

4. **Decertification Motions**. All motions for decertification of the collective action and for class certification pursuant to Fed. R. Civ. P. Rule 23 shall be filed and served by forty-five (45) days following the end of discovery. Any response to any motion for decertification or Rule 23 class certification shall be served and filed within forty-five (45) days after the filing of the motion. Any reply

in support of a motion for decertification or for Rule 23 class certification should be filed within twenty-one (21) days after the filing of the response.

5. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before sixty (60) days after the Court's Order on any decertification motion and/or motion for class certification under Rule 23. In the event no decertification motion or no motion for class certification is filed, all case dispositive motions shall be served and filed by March 22, 2021.

6. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

7. **Pretrial Conference**. The Court will hold a Rule 16(e) final pretrial conference in Court with counsel on a date to be determined and set forth in an amended scheduling order. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

8. **Motions *in Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be

combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

9. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The plaintiffs should expect to submit to an email address to be designated each of the foregoing four documents in WordPerfect format.

10. **Trial**. This matter will be scheduled for a 5 day jury trial beginning at 9:30 a.m. on a date to be determined, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

11. **ADR Process**. The parties do not believe that referral of this matter to a magistrate judge to explore the possibility of alternative dispute resolution would be helpful at this time.

*/s/ Richard G. Andrews* 2/14/2020
RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE