IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS, BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW WALLS, CALVIN WESLEY, CHRIS WOODRUFF, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEFENDERS, INC.,<br><br>Defendant. | Civil Action No. 18-0470-RGA |

MEMORANDUM OPINION

Brian D. Long, RIGRODSKY & LONG, P.A., Wilmington, DE; Ted E. Trief, Shelly L. Friedland, Eyal Dror, TRIEF & OLK, New York, NY; Peter S. Pearlman, COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP, Saddle Brook, NJ; Macy D. Hanson, THE LAW OFFICE OF MACY D. HANSON, PLLC, Madison, MS, Attorneys for Plaintiffs.

J. Cory Falgowski, BURR & FORMAN LLP, Wilmington, DE; K. Bryance Metheny, Ronald W. Flowers, Jr., Martin E. Burke, H. Carlton Hilson, BURR & FORMAN LLP, Birmingham, AL, Attorneys for Defendant.

June 12, 2020

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me are sixteen Motions for Judgment on the Pleadings filed by Defendant. (D.I. 138, 141, 144, 147, 150, 156, 159, 162, 165, 168, 171, 174, 177, 180, 183, 186). I have reviewed the briefing. (D.I. 139, 142, 145, 148, 151, 157, 160, 163, 166, 169, 172, 175, 178, 181, 184, 187, 192, 194). For the reasons that follow, I will deny the motions without prejudice to renewal by motion after discovery or at summary judgment.

## I. BACKGROUND

This is a nationwide collective action wage and hour case. Plaintiffs allege that Defendant violated the Fair Labor Standards Act and certain state statutory and common law by, among other things, failing to pay overtime. Defendant filed seventeen separate motions for judgment on the pleadings, alleging the failure of seventeen opt-in plaintiffs ("the opt-in plaintiffs") to disclose claims asserted against Defendant in bankruptcy petitions they filed. One motion has been withdrawn. (D.I. 195). Of the sixteen remaining opt-in plaintiffs named in these motions, eight ultimately obtained discharges in their respective bankruptcy cases, five have cases that are still pending, two had their cases dismissed, and one case was closed without discharge. (D.I. 192 at 3-4[1]).

| Name | Date of Opt-In | Bankruptcy Petition Filing Date | Chapter | Bankruptcy Result | Bankruptcy Result Date | Citation to Record |
|---|---|---|---|---|---|---|
| Peter Beggs | 2/26/19 | 5/8/19 | Ch. 7 | Discharge | 9/16/19 | D.I. 140 |
| Nathaniel Brunson | 2/12/19 | 4/30/19 | Ch. 7 | Discharge | 8/7/19 | D.I. 143 |
| Freddie Clariza | 2/25/19 | 10/7/19 | Ch. 7 | Discharge | 1/21/20 | D.I. 146 |
| Eric Donahue | 3/4/19 | 6/18/19 | Ch. 7 | Discharge | 9/25/19 | D.I. 149 |
| Richard Doty | 2/12/19 | 2/13/19 | Ch. 7 | Discharge | 5/20/19 | D.I. 152 |

---

[1] Citing D.I. 140, Ex. 1; D.I. 143, Ex. 2; D.I. 146, Ex. 3; D.I. 149, Ex. 4; D.I. 152, Ex. 5; D.I. 158, Ex. 7, 8; D.I. 161, Ex. 9; D.I. 164, Ex. 10; D.I. 167, Ex. 11; D.I. 170; D.I. 173, Ex. 12; D.I. 176; D.I. 179; D.I. 182; D.I. 185, Ex. 13; D.I. 188, Exs. 14-16. The citations to exhibit numbers are not the same as the exhibit numbers that appear in the docket.

| Jason Holbert | 1/15/19 | 5/22/19<br>8/12/17 | Ch. 7<br>Ch. 13 | Discharge<br>Dismissed | 9/4/19<br>3/28/19 | D.I. 158 |
|---|---|---|---|---|---|---|
| Kenneth Jerstad | 1/16/19 | 12/26/19 | Ch. 7 | Still Pending – Notice of Assets | 2/4/20 | D.I. 161 |
| Steven Kadow | 1/22/19 | 8/29/19 | Ch. 7 | Closed without Discharge | 1/9/20 | D.I. 164 |
| Luis Molina | 1/15/19 | 9/24/19 | Ch. 7 | Discharge | 12/30/19 | D.I. 167 |
| Grant Cunningham | 1/15/19 | 5/26/16 | Ch. 13 | Still Pending | | D.I. 170 |
| John Donnelly | 1/11/19 | 5/31/17 | Ch. 13 | Dismissed | 8/23/19 | D.I. 173 |
| Dominique Paylor | 1/11/19 | 7/23/18 | Ch. 13 | Still pending | | D.I. 176 |
| Roberto Perez | 3/4/19 | 4/29/16 | Ch. 13 | Still pending | | D.I. 179 |
| Eric Pohler | 2/12/19 | 3/13/19 | Ch. 13 | Still Pending | | D.I. 182 |
| Harry Porter | 1/25/19 | 12/9/13 | Ch. 13 | Discharged | 2/22/19 | D.I. 185 |
| Zeltre Smith | 2/28/19 | 12/3/18<br>4/2/19<br>11/13/19 | Ch. 13<br>Ch. 13<br>Ch. 13 | Dismissed<br>Dismissed<br>Dismissed | 1/8/19<br>6/6/19<br>12/19/19 | D.I. 188 |

As part of the bankruptcy petition filing, each opt-in plaintiff here filled out Official Form 106 A/B ("Schedule A/B: Property") and Official Form 107 ("Statement of Financial Affairs for Individuals Filing for Bankruptcy"). Form 106 A/B, Question 33 asks the filer to check a box "yes" or "no" to the prompt,

> Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment. *Examples:* Accidents, employment disputes, insurance claims, or rights to sue.

Form 107, Question 9 asks the filer to check a box "yes" or "no" to the prompt,

> Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding? List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

*See, e.g.*, D.I. 140-2, Ex. 2. Each opt-in plaintiff here checked the boxes "no" in their responses to each prompt. The answers to the prompts were made under penalty of perjury.

3

## II. LEGAL STANDARD

When deciding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same standard as it does to a 12(b)(6) motion. *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001). The motion can only be granted only if no relief could be afforded under any set of facts that could be provided. *Turbe*, 938 F.2d at 428. However, the court need not adopt conclusory allegations or statements of law. *In re Gen. Motors Class E Stock Buyout Sec. Litig.*, 694 F. Supp. 1119, 1125 (D. Del. 1988). Judgment on the pleadings will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988).

## III. DISCUSSION

Defendant argues that because the opt-in plaintiffs failed to disclose their claims against Defendant in bankruptcy, they are judicially estopped from bringing their claims against Defendant. (*e.g.*, D.I. 139 at 1). Defendant contends that alternatively, certain opt-in plaintiffs' claims must be dismissed for lack of standing to pursue them as a result of their bankruptcies.

Plaintiffs urge the Court to schedule an evidentiary hearing or defer consideration of this issue until the summary judgment stage. (D.I. 192 at 1). As to any opt-in plaintiffs who may be determined not to have standing to pursue their claims, Plaintiffs argue that the Chapter 7 trustee should be given an opportunity to decide whether to prosecute the claims. (*Id.* at 2).

### A. Judicial Estoppel

The doctrine of judicial estoppel bars a party that has previously asserted a legal position from asserting an inconsistent or contrary legal position in a later proceeding. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988). This equitable remedy is applied to preserve the integrity of the system and its focus is on the relationship between the litigant and the judicial system. *Id.* The Third Circuit has established a three-part test for determining when judicial estoppel is warranted. *See Montrose Med. Grp. Participating Savings Plan v. Bulger*, 243 F.3d 773, 777-78 (3d Cir. 2001). The two legal positions taken by the party must be irreconcilably inconsistent, bad faith must be the basis for the change in position, and judicial estoppel is not to be used unless that remedy is "tailored to address the harm identified" and no lesser sanction is adequate for that purpose. *Id.* at 778. "Judicial estoppel is a fact-specific, equitable doctrine, applied at [the] court[']s discretion." *In re Kane*, 628 F.3d 631, 638 (3d Cir. 2010).

#### 1. Irreconcilable Inconsistency

A debtor seeking protection under the Bankruptcy Code is required to disclose all assets, or potential assets, to the bankruptcy court by filing a schedule of assets and a statement of the debtor's financial affairs. 28 U.S.C. § 521(1). A party has knowledge of a potential claim when the events underlying the claim have occurred prior to the filing of the bankruptcy petition. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 323 (3d Cir. 2003). Opt-in plaintiffs Beggs, Brunson, Clariza, Donahue, Doty, Holbert, Kadow, Molina, and Pohler filed for bankruptcy after joining this action as opt-ins. These nine opt-in plaintiffs thus not only had knowledge of the potential for this complaint but had actually become plaintiffs in the case while answering "none" on the bankruptcy proceeding forms when required to disclose

such claims. These two legal positions are inconsistent. The seven opt-in plaintiffs, Cunningham, Donnelly, Jerstad, Paylor, Perez, Porter, and Smith, whose claims are still pending, maintain inconsistent legal positions through a failure to amend their bankruptcy schedules to reflect the inclusion of this action against Defendant. *See DePasquale v. Morgan Stanley Smith Barney LLC*, 2011 WL 3703110, at *3 (D. N.J. Aug. 23, 2011) ("If the debtor is unaware of contingent claims at the time when she discloses her assets, the debtor has an obligation to amend the bankruptcy schedules and disclose claims once aware of them.").

Opt-in plaintiff Kadow filed for Chapter 7 bankruptcy on August 29, 2019, and he has continued to work for Defenders through the present time. (D.I. 164-3, Ex. 3; D.I. 192 at 8). Kadow has pre-petition claims and post-petition claims. Plaintiffs argue that Kadow's post-petition claims against Defenders are not part of his bankruptcy estate and need not have been disclosed to the bankruptcy court. (D.I. 192 at 8).

Defendant argues that opt-in plaintiff Kadow had a duty to fully disclose all known existing and potential claims at the time of his bankruptcy petition, including post-petition wage and hour claims against Defendant. (D.I. 163 at 5-6). Because Kadow never amended his bankruptcy schedule to disclose contingent claims once he became aware of them, Defendant argues that Kadow has asserted inconsistent positions under oath for which judicial estoppel is warranted. (D.I. 194 at 6; citing *DePasquale*, 2011 WL 3703110, at *3).

"The filing of a voluntary petition in bankruptcy court commences a bankruptcy case and creates a bankruptcy estate comprised of the debtor's property as of the commencement of the case." *Westmoreland Human Opportunities, Inc. v. Walsh*, 246 F.3d 233, 241 (3d Cir. 2001). Whether claims against a defendant must be disclosed in a given bankruptcy depends on the type of bankruptcy and whether the claims accrued before or after the bankruptcy was filed. "[A]

6

Chapter 7 estate does not include the wages a debtor earns or the assets he acquires after the bankruptcy filing." *Harris v. Viegelahn*, 135 S. Ct. 1829, 1835 (2015) (citing 11 U.S.C. §541(a)(1)). On the other hand, "the Chapter 13 estate from which creditors may be paid includes both the debtor's property at the time of his bankruptcy petition, and any wages and property acquired after filing." *Id.* Because Kadow filed a Chapter 7 bankruptcy, his earnings after filing are not included as part of the bankruptcy estate. *See id.* His post-petition claims are not the subject of his bankruptcy proceeding and he does not maintain an inconsistent position with respect to those claims.

Plaintiffs appear to agree that, as to everything but Kadow's post-petition claims, the irreconcilable inconsistency prong of the judicial estoppel analysis is met. (D.I. 192 at 8-9).

### 2. Bad Faith

Plaintiffs argue that because the bankruptcy cases of opt-in plaintiffs Donnelly and Smith were dismissed, and the bankruptcy of Kadow was closed without discharge, the three opt-in plaintiffs' claims cannot be subject to a finding of bad faith and judicial estoppel. (*Id.* at 10). Plaintiffs further argue against a finding of bad faith for opt-in plaintiffs Cunningham, Perez, and Porter, who filed their Chapter 13 bankruptcies more than two years before joining this litigation. (*Id.* at 11).

Defendant argues that judicial estoppel is warranted regardless of whether Plaintiffs ultimately were discharged from bankruptcy, asserting that they were "successful in carrying out their fraud on their respective bankruptcy courts and creditors." (D.I. 194 at 7).

There is a presumption of bad faith when the party does not disclose in a bankruptcy proceeding a potential claim of which the party had knowledge. *See Oneida Motor Freight, Inc.*, 848 F.2d at 416-18. In findings of bad faith, courts have considered whether the evidence

indicates that the debtor attempted to deceive the court and whether the party benefitted from the omission. "Actual reaping of a benefit by the taking of two inconsistent legal positions is not a requisite to finding bad faith," however. *Yetter v. Wise Power Sys., Inc.*, 929 F. Supp. 2d 329, 331-32 (D. Del. 2013). "[I]t does not constitute bad faith to assert contrary positions in different proceedings when the initial claim was never accepted or adopted by a court or agency." *Montrose*, 243 F.3d at 778. "Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity." *United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005).

     For the plaintiffs who were not successful in their bankruptcy proceedings, there is no need for the harsh remedy of judicial estoppel in the current proceeding. *See id.; McKenna v. City of Philadelphia*, 2009 WL 10687689 (E.D. Pa. Mar. 16, 2009) (concluding that even presuming a debtor's failure to disclose claims in his Chapter 13 bankruptcy was in bad faith, judicial estoppel would be too severe a sanction where the bankruptcy was dismissed). The bankruptcy cases of Plaintiffs Donnelly and Smith were dismissed (D.I. 173-3, Ex. 3; D.I. 188-7, Ex. 7) and the bankruptcy of Plaintiff Kadow was closed without discharge (D.I. 164-3, Ex. 3). Therefore, opt-in plaintiffs Donnelly, Smith, and Kadow's claims are not subject to judicial estoppel.

     Of the opt-in plaintiffs who assumed inconsistent legal positions, Beggs, Brunson, Clariza, Donahue, Doty, Holbert, and Molina received discharges. (D.I. 140-3, Ex. 3; D.I. 143-3, Ex. 3; D.I. 146-3, Ex. 3; D.I. 149-3, Ex. 3; D.I. 152-3, Ex. 3; D.I. 158-3, Ex. 3; D.I. 167-3, Ex. 3). Success in their bankruptcy proceedings alone is not enough to establish bad faith. The key question is whether the opt-in plaintiffs whose bankruptcies were discharged had "obvious knowledge of the existence of the asset" when filing their bankruptcy claims. *Krystal Cadillac*,

337 F.3d 314 at 325. If yes, then, in combination with non-disclosure of the asset, the court need not take testimony in order to make a finding of bad faith. *Id.* "[A] rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose." *Id.* at 321.

The Court of Appeals has upheld a finding of bad faith and applied judicial estoppel in cases where the plaintiff was aware of a claim because it had previously raised it at oral argument, and where there were frequent self-serving inconsistencies and false statements in a bankruptcy petition. *Krystal Cadillac*, 337 F.3d at 322; *J.H. Grp., L.L.C. v. Royal Rolling Chairs, LLC*, 523 F. App'x 922, 923 (3d Cir. 2013). In *Yetter*, this Court held that the plaintiff was judicially estopped from pursuing the second lawsuit because the non-disclosure of potential claims was detrimental to the plaintiff's creditors and the integrity of the bankruptcy process. 929 F. Supp. 2d at 332. In *Yetter*, the plaintiff initially sued an individual for the commissions, but the case was dismissed without prejudice because the proper defendant was a corporate entity. *Id.* at 330. Several months later, the plaintiff filed a Chapter 7 bankruptcy, but never disclosed his claim against the corporate entity. *Id.* at 331. The same day he obtained his Chapter 7 discharge, the plaintiff filed suit against the corporate entity and certain individuals for the commissions and wages. *Id*. The case fairly reeked of bad faith.

In contrast, in *Ryan Operations G.P. v. Santiam-Midwest Lumber Company*, the Court held that a Chapter 11 debtor-builder's failure to disclose causes of action against suppliers of allegedly defective wood trim in bankruptcy proceedings did not bar the debtor from pursuing those claims outside of bankruptcy. 81 F.3d 355, 365 (3d Cir. 1996). Although the contingent assets represented by those claims were not disclosed in the bankruptcy proceedings, the Court

rejected the application of judicial estoppel because the debtor did not attempt to "play fast and loose" with the court. *Id*.

> [D]efendant cites no case in which a court held that intent to mislead or deceive could be inferred from the mere fact of nondisclosure, and we are aware of none. We are persuaded, however, that policy considerations militate against adopting a rule that the requisite intent for judicial estoppel can be inferred from the mere fact of nondisclosure in a bankruptcy proceeding. Such a rule would unduly expand the reach of judicial estoppel in post-bankruptcy proceedings and would inevitably result in the preclusion of viable claims on the basis of inadvertent or good-faith inconsistencies.

*Id.* at 364. The Court also held that the presence or absence of an actual benefit to the bankruptcy petitioner "is merely a factor in determining whether the evidence would support a conclusion of bad faith." *Id.* at 361. "We readily conclude that the doctrine of judicial estoppel in this circuit contains no such requirement." *Id.*

The Ninth Circuit has also cautioned against a blanket application of judicial estoppel in circumstances where a plaintiff-debtor omits a pending lawsuit from the bankruptcy schedules and obtains a discharge. In *Sadlowski v. Michaels Stores, Inc.*, the Court held that the district court abused its discretion where its application of judicial estoppel "amounted to a determination that simple nondisclosure of a potential claim during bankruptcy, without more, estops a party from asserting the claim in a civil suit." 672 F. App'x 729, 730-31 (9th Cir. 2016).

Plaintiffs assert that the Third Circuit has cautioned against a finding of bad faith without first holding an evidentiary hearing if there are genuine disputes as to the underlying facts. (D.I. 192 at 5-6, citing *Montrose*, 243 F.3d at 780 n.5). Plaintiffs contend that they have no opportunity to provide a factual explanation in connection with this motion, particularly where the opt-in plaintiffs here "have not commenced this case on their own, but rather have opted into it, and therefore may have quite reasonably failed to appreciate the need to disclose their claims in the context of their bankruptcy proceedings." (D.I. 192 at 5-6). Plaintiffs urge the court to

10

schedule an evidentiary hearing concerning the bad faith issue or to defer consideration of this issue until the conclusion of discovery. (*Id.*). But Plaintiffs have had the opportunity in their answering brief to identify factual disputes or proffered testimony that would make a difference and have failed to do so. *See Montrose*, 243 F.3d at 780 n.5 ("[A] District Court need not always conduct an evidentiary hearing before finding the existence of bad faith for judicial estoppel purposes.").

Judicial estoppel should be applied only to avoid a miscarriage of justice. *Krystal Cadillac*, 337 F.3d at 319. The presumption of bad faith articulated in *Krystal Cadillac* should not apply where there is no indication that a debtor is trying to manipulate the court, that it brought claims in bad faith, or that it deliberately withheld disclosure. *See In re EXDS, Inc.*, 316 B.R. 817, 825 (D. Del. 2004). Opt-in plaintiff Porter filed his Chapter 13 bankruptcy in December 2013, more than five years before he opted into this collective action in January 2019. (D.I. 185-3, Ex. 3) Porter did not amend his bankruptcy schedule after joining this action and his bankruptcy was discharged on February 22, 2019. (*Id.*). I am not convinced that the circumstances of Porter's failure to disclose this action in his bankruptcy filing suggest an attempt to "play fast and loose" with the court or to exhibit a motive to conceal the claim. *See Ryan Ops.,* 81 F.3d at 365; *see also Sadlowski*, 672 F. App'x at 730 (holding that a finding of bad faith should not be made where there is a large gap in time between the bankruptcy filing and the second judicial proceeding).

"[A] rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose." *Krystal Cadillac*, 337 F.3d at 321. For plaintiffs Beggs, Brunson, Clariza, Donahue, Doty, Holbert, and Molina, who failed to disclose this litigation in their

11

petitions, there is an inference of bad faith. *See id.* This inference is not strong, however, in a collective action case of which these plaintiffs were given notice and chose to opt-in. Nor is the fact that their bankruptcies were discharged enough to require the application of judicial estoppel in this case. *Ryan Ops. G.P.*, 81 F.3d at 361. For those plaintiffs whose bankruptcy proceedings are still pending, they are (and have been) on notice; they have the opportunity to amend their bankruptcy petitions or otherwise disclose the claims in their bankruptcy proceedings.

### 3. Tailored Remedy

"Observing that judicial estoppel is often the harshest remedy that a court can impose for inequitable conduct, we have held that a district court may not invoke the doctrine unless: (1) no sanction established by the Federal Rules or pertinent statute is up to the task of remedying the damage done by a litigant's malfeasance, and (2) the sanction of judicial estoppel is tailored to address the harm identified." *Montrose*, 243 F.3d at 784 (internal quotations and citation omitted).

Only two cases cited by Defendant apply judicial estoppel, without a hearing, to the case of an opt-in plaintiff based on a failure to disclose litigation in a bankruptcy filing. Both are distinguishable from the case before me. In *Harris v. JMC Steel Group, Inc.*, 2017 WL 663158 (S.D. Ala. Feb. 16, 2017), the Court dismissed three opt-in plaintiffs who filed bankruptcy petitions after their FLSA claims accrued, but who never disclosed those claims in their bankruptcy schedules. The motion was unopposed. *Id.* at *1. In *In re Tyson Foods, Inc.*, 732 F. Supp. 2d 1363 (M.D. Ga. 2010), opt-in class members in an FLSA suit were also judicially estopped from asserting claims not disclosed in bankruptcy proceedings. The court in that case had access to substantial detail about the specific facts relating to each plaintiffs' omissions. *Id.* at 1366-71. I have no such facts before me here.

While conducting an evidentiary hearing before finding the existence of bad faith for judicial estoppel purposes is not always necessary, the Third Circuit has stated,

> First, a court considering the use of judicial estoppel should ensure that the party to be estopped has been given a meaningful opportunity to provide an explanation for its changed position. Second, though a court may sometimes discern bad faith without holding an evidentiary hearing, it may not do so if the ultimate finding of bad faith cannot be reached without first resolving genuine disputes as to the underlying facts.

*Montrose*, 243 F.3d at 780 n.5. Taking into account the circumstances that brought opt-in plaintiffs here into this collective action proceeding, I do not think applying judicial estoppel is appropriate on the pleadings. I will be able to consider the issue on a fully-developed record at a later time, either at summary judgment, or at a hearing in regard to each individual Plaintiff, and, among other things, I can consider the issue of a tailored remedy, taking into account whether Plaintiffs have made any subsequent disclosures to the bankruptcy court that would suggest a lesser remedy than dismissal.

### B. Standing

In light of my decision above, I need not reach Defendant's argument that the claims of the opt-in plaintiffs whose bankruptcies have been discharged should be dismissed because only their trustees have standing to pursue their claims in this action.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motions for judgment on the pleadings will be denied without prejudice to renewal by motion for an individual hearing or at summary judgment. An accompanying order will be entered.