# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEDDY ARCHER, TREY BERNADOU, SEDETRIC CHAMBLISS, BRODRICK FRANCIS, JAMES HUTCHINSON, DANIEL MANOFSKY, DEVON SPRINGER, ERIC STEWART, ANDREW WALLS, CALVIN WESLEY, AND CHRIS WOODRUFF, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> DEFENDERS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No.: 1:18-cv-00470-SB ) ) ) ) ) ) ) ) |

## DEFENDANT DEFENDERS, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS OPT-IN PLAINTIFFS GREG GODFREY AND EVIAN ARCHERO-ROCHERO FOR FAILURE TO RESPOND TO DISCOVERY REQUESTS AND/OR NONRESPONSIVENESS

Dated:  April 28, 2021

**BURR & FORMAN LLP**
J. Cory Falgowski (No. 4546)
1201 N. Market Street, Suite 1407
Wilmington, DE  19801
Telephone: (302) 830-2312
Facsimile:  (302) 397-2566
Email:  jfalgowski@burr.com

-and-

K. Bryance Metheny *(Pro Hac Vice)*
Ronald W. Flowers, Jr. *(Pro Hac Vice)*
Martin E. Burke *(Pro Hac Vice)*
H. Carlton Hilson *(Pro Hac Vice)*
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
Email:  bmetheny@burr.com
    rflowers@burr.com
    mburke@burr.com
    chilson@burr.com

*Counsel for Defendant*

## **TABLE OF CONTENTS**

I.   NATURE AND STAGE OF THE PROCEEDINGS AND FACTUAL BACKGROUND... 1
II.  ARGUMENT ................................................................................................................. 3

## **TABLE OF AUTHORITIES**

*Doornbos, et al. v. Pilot Travel Centers, LLC*, ...................................................................................4
    2008 WL 4764334, at *3 (E.D. Tenn. Oct. 27, 2008)

*Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ...................................................3

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) .......................................3

*Rivet v. Office Depot, Inc.*, 2015 U.S. Dist. LEXIS 171175, at *14 (D. N.J. Dec. 22, 2015) .........4

*Stezzi v. Citizens Bank*, 542 F. App'x 124, 126 (3d Cir. 2013) ........................................................3

*Woulard v. Brown*, No. 01-350, 2004 LEXIS 3100, at *3-4 (D. Del. Feb. 24, 2004) .....................4

I.  **NATURE AND STAGE OF THE PROCEEDINGS AND FACTUAL BACKGROUND**

On March 28, 2018, certain plaintiffs filed this lawsuit against Defendant Defenders, Inc. ("Defendant" or "Defenders"). *See* D.I. 1. On November 14, 2018, the Court conditionally certified this case as an FLSA collective action. *See* D.I. 54. Following the notice and opt-in period, the parties jointly submitted a proposed supplemental scheduling order to the Court on March 11, 2019. *See* D.I. 82. On March 12, 2019, the Court entered a Supplemental Scheduling Order, which permits the parties to each select certain "Selected Plaintiffs" who will be subject to depositions and written discovery, including interrogatories, requests for production, and requests for admission. *See* D.I. 83, p. 1-2. The Supplemental Scheduling Order specifically provides that, "**[t]o the extent any Selected Plaintiff does not respond to Defendant's discovery requests, appear for deposition, and/or is or becomes nonresponsive to Plaintiffs' counsel, Defendant shall be permitted to prepare a motion to dismiss that Selected Plaintiff's claims and to serve written discovery on and depose a replacement Plaintiff**." D.I. 83, p. 2 (emphasis added).

On April 24, 2019, the parties exchanged their lists of plaintiffs selected to participate in discovery. *See* Appendix at Exhs. 1-2. On May 17, 2019, Defenders served interrogatories and requests for production on the plaintiffs selected to participate in discovery, including Selected Plaintiffs Greg Godfrey and Evian Archero-Rochero.[1] *See* Exh. 3; D.I. 105.

Mr. Godfrey did not produce responses to Defenders' written discovery requests. On September 6, 2019, counsel for Plaintiffs notified counsel for Defenders by email that they "continue to reach out to [Mr. Godfrey] in an effort to complete [his] discovery responses, but

---

[1] Mr. Archero-Rochero responded to Defenders' May 17, 2019 written discovery requests on July 31, 2019.

have not made further progress in that regard . . . ." *See* Exh. 4. After not receiving Mr. Godfrey's discovery responses, on January 17, 2020, counsel for Defenders wrote to counsel for Plaintiffs and requested production of Mr. Godfrey's responses. *See* Exh. 5. On February 3, 2020, counsel for Plaintiffs responded by email and stated "we expect to be in a position to provide these responses in the near future, and indeed, with respect to Mr. Godfrey, we are awaiting only final confirmation of the responses." *See* Exh. 6. To date, Mr. Godfrey has not produced responses to Defenders' written discovery requests.

On October 27, 2020, counsel for Defenders wrote to counsel for Plaintiffs regarding scheduling of Selected Plaintiffs' depositions, including Mr. Godfrey. *See* Exh. 7. After not receiving information regarding Mr. Godfrey's availability, counsel for Defenders again wrote to counsel for Plaintiffs on November 23, 2020, and requested dates on which Mr. Godfrey is available for deposition. *See* Exh. 8. On December 3, 2020, counsel for Plaintiffs wrote to counsel for Defenders and stated, "Unfortunately, we still have been unable to make contact with Mr. Godfrey regarding deposition scheduling." *See* Exh. 9. On March 26, 2021, counsel for Defenders again wrote to counsel for Plaintiffs regarding (among other things) Mr. Godfrey's failure to respond to discovery and deposition availability. *See* Exh. 10, p. 3. In response, on April 9, 2021, counsel for Plaintiffs wrote to counsel for Defenders and stated, "We have been unable to make contact with Mr. Godfrey concerning discovery due from him." *See* Exh. 11.

Similarly, on March 19, 2021, counsel for Defenders wrote to counsel for Plaintiffs regarding scheduling Mr. Archero-Rochero's and other Selected Plaintiffs' depositions. *See* Exh. 12. On April 14, 2020, counsel for Plaintiffs provided dates certain Selected Plaintiffs could be available for deposition "except for Evian Archero-Rochero whom [they] have been unable to reach." *See* Exh. 13.

To date, there is no indication that Mr. Godfrey and Mr. Archero-Rochero have responded to their own counsel's attempts to contact them regarding deposition scheduling. On April 9, 2021, and April 23, 2021, counsel for Plaintiffs indicated they take "no position" with respect to dismissal of Mr. Godfrey and Mr. Archero-Rochero for the reasons stated herein.[2] *See* Exhs. 14-15.

## II.  ARGUMENT

Federal Rules of Civil Procedure 37(d) and 41(b) allow the Court to dismiss an action, with prejudice, based upon failure of the plaintiffs to prosecute the case or comply with applicable rules or orders of the Court. "A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or obey a court order …." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (*citing* Fed. R. Civ. P. 41(b)). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Id.* When considering dismissal under Rule 37(d) or Rule 41(b) a court must balance the following six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Stezzi v. Citizens Bank*, 542 F. App'x 124, 126 (3rd Cir. 2013) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3rd Cir. 1984)).

By failing to provide discovery responses and/or communicate with Plaintiffs' counsel regarding deposition scheduling, Mr. Godfrey and Mr. Archero-Rochero "have neglected their

---

[2] The Court previously granted Defendant's motions to dismiss certain other Selected Plaintiffs on October 21, 2019, and April 9, 2020, for failure to respond to discovery and/or nonresponsiveness. *See* D.I. 122, 196.

duties as participants in this litigation" and should be dismissed. *See, e.g., Doornbos, et al. v. Pilot Travel Centers, LLC*, 2008 WL 4764334, at *3 (E.D. Tenn. Oct. 27, 2008); *Woulard v. Brown*, No. 01-350, 2004 LEXIS 3100, at *3-4 (D. Del. Feb. 24, 2004). Furthermore, as set forth above, the Court's March 12, 2019 Supplemental Scheduling Order permits dismissal of plaintiffs selected by the parties to participate in discovery for failure to respond to written discovery or for becoming nonresponsive to their own counsel. D.I. 83, p. 2 ("To the extent any Selected Plaintiff does not respond to Defendant's discovery requests, appear for deposition, and/or is or becomes nonresponsive to Plaintiffs' counsel, Defendant shall be permitted to prepare a motion to dismiss that Selected Plaintiff's claims and to serve written discovery on and depose a replacement Plaintiff."). Accordingly, the dismissal of Mr. Godfrey and Mr. Archero-Rochero's claims is contemplated pursuant to the procedures put into place for this case pursuant to the Supplemental Scheduling Order.

This is not a case where Plaintiffs' counsel is directly responsible for Mr. Godfrey and Mr. Archero-Rochero's failure to provide timely discovery responses or respond regarding deposition scheduling; other Selected Plaintiffs in this case have served signed responses to Defenders' discovery requests and have appeared for deposition. Here, Mr. Godfrey and Mr. Archero-Rochero have been given ample opportunity to cooperate and participate in discovery in this action or respond to their own counsel but have failed to do so. As a result, no lesser sanction than dismissal would suffice for their failure to prosecute their claims. *See Rivet v. Office Depot, Inc.*, No. 2:12-02992, 2015 U.S. Dist. LEXIS 171175, at *14 (D. N.J. Dec. 22, 2015) ("It is difficult to fathom a lesser sanction that would adequately address [opt-in plaintiffs'] non-responsiveness").

**WHEREFORE**, Defenders respectfully requests that this Court enter an Order dismissing the claims of Greg Godfrey and Evian Archero-Rochero from this lawsuit with prejudice.

Dated: April 28, 2021

**BURR & FORMAN LLP**

/s/   J. Cory Falgowski
J. Cory Falgowski (No. 4546)
1201 N. Market Street, Suite 1407
Wilmington, DE  19801
Telephone: (302) 830-2312
Facsimile:  (302) 397-2566
Email:  jfalgowski@burr.com

-and-

K. Bryance Metheny *(Pro Hac Vice)*
Ronald W. Flowers, Jr. *(Pro Hac Vice)*
Martin E. Burke *(Pro Hac Vice)*
H. Carlton Hilson *(Pro Hac Vice)*
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
Email:  bmetheny@burr.com
           rflowers@burr.com
           mburke@burr.com
           chilson@burr.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, J. Cory Falgowski, hereby certify that on this 28th day of April, 2021, the foregoing document was served by Notice of Electronic Filing to the following:

| | |
|---|---|
| TRIEF & OLK<br>Ted E. Trief<br>Barbara Olk<br>Shelly L. Friedland<br>Eyal Dror<br>750 3rd Avenue, Suite 2902<br>New York, NY 10017<br>Telephone: (212) 486-6060<br>Email: ttrief@triefandolk.com | COHN LIFLAND PEARLMAN<br>HERRMANN & KNOPF LLP<br>Peter S. Pearlman<br>Park 80 Plaza West One<br>250 Pehle Avenue<br>Suite 401<br>Saddle Brook, NJ 07663<br>Telephone: (201) 845-9600<br>Email: psp@njlawfirm.com |
| RIGRODSKY LAW, P.A.<br>Herbert W. Mondros<br>300 Delaware Avenue<br>Suite 210<br>Wilmington, DE 19801<br>Telephone: (302) 295-5310<br>Facsimile: (302) 654-7530<br>hwm@rl-legal.com | THE LAW OFFICE OF<br>MACY D. HANSON, PLLC<br>Macy D. Hanson<br>The Echelon Center<br>102 First Choice Drive<br>Madison, MS 39110<br>Telephone: (601) 853-9521<br>Email: macy@macyhanson.com |

                                        /s/   J. Cory Falgowski
                                        J. Cory Falgowski (No. 4546)