IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TEDDY ARCHER, et al.,

    *Plaintiffs*,

v.                            No. 1:18-cv-00470-SB

DEFENDERS, INC.,

    *Defendant*.

---

Seth Rigrodsky, Herbert W. Mondros, RIGRODSKY LAW P.A., Wilmington, Delaware; Eyal Dror, Shelly L. Friedland, Stan Gutgarts, Ted Trief, TRIEF & OLK, New York, New York; Macy D. Hanson, THE LAW OFFICE OF MACY D. HANSON PLLC, Madison, Mississippi; Peter S. Pearlman, COHN, LIFLAND, PEARLMAN, HERRMAN, & KNOPF LLP, Saddle Brook, New Jersey.

                                                               *Counsel for Plaintiffs*.

J. Cory Falgowski, H. Carlton Hilson, Kristin Bryance Metheny, Ronald W. Flowers, BURR & FORMAN LLP, Wilmington, Delaware.

                                                             *Counsel for Defendants*.

---

**MEMORANDUM OPINION**

October 22, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Statutory deadlines are important. They ensure that disputes are resolved while memories are fresh. They also help parties move on and get back to business. In this employment class action, thirteen former employees joined the litigation late and missed the cut off—some by a hair. So I must dismiss their claims with prejudice. This may seem arbitrary, but making one-off exceptions would be even less fair.

Defenders, Inc. hires agents to install home security systems. Some agents say that Defenders underpaid them, so they sued it under the Fair Labor Standards Act. D.I. 125 ¶¶ 3, 51; 29 U.S.C. § 207(a)(2). This Court conditionally certified a class action. D.I. 54; *see* 29 U.S.C. § 216(b).

But to join the lawsuit, the agents had to file consent in court. 29 U.S.C. § 256. Defenders says thirteen agents filed late, so it moved for partial summary judgment. D.I. 259. None of the thirteen responded.

Summary judgment is proper if there is no real dispute as to any material fact and Defenders deserve judgment as a matter of law. Fed. R. Civ. P. 56(a). The parties do not dispute the dates when the thirteen agents left their jobs, starting the clock on when they had to file suit. *See* 29 U.S.C. §§ 255–56. And since all thirteen filed after the deadline, I will dismiss them with prejudice.

True, the parties dispute how much time the agents had to file. Under the Act, the most they had was three years. *Id.* § 255(a). But since the parties agreed to extend that deadline by thirty-five days, D.I. 56, the agents had (at most) three years and thirty-five days to join.

2

Undisputed employment records show that the thirteen agents missed this deadline:

- Eric Donahue's last day of work was April 1, 2015, so his consent was due May 6, 2018. D.I. 260. But he opted in on March 4, 2019. D.I. 78-17.

- Shamar Knighton's last day was December 9, 2015, so his consent was due January 13, 2019. D.I. 260. But he opted in on February 5, 2019. D.I. 68-1.

- Bryan Huckell's last day was December 11, 2015, so his consent was due January 15, 2019. D.I. 260. But he opted in on February 28, 2019. D.I. 76.

- Corey Mitsunaga's last day was December 12, 2015, so his consent was due January 16, 2019. D.I. 260. But he opted in on March 4, 2019. D.I. 78-26.

- Julius Corpuz's last day was December 14, 2015, so his consent was due January 18, 2019. D.I. 260. But he opted in on February 12, 2019. D.I. 69-1.

- Stephen Dobson's last day was December 15, 2015, so his consent was due January 19, 2019. D.I. 260. But he opted in on the 29th. D.I. 67-12.

- Timothy Paquette's last day was December 18, 2015, so his consent was due January 22, 2019. D.I. 260. But he opted in on February 27, 2019. D.I. 75-4.

- Christopher Blair's last day was December 19, 2015, so his consent was due January 23, 2019. D.I. 260. But he opted in on March 4, 2019. D.I. 78-4.

- Timothy McNeill's last day was December 30, 2015, so his consent was due February 3, 2019. D.I. 260. But he opted in on the 27th. D.I. 75-5.

- Jesse McClain's last day was December 31, 2015, so his consent was due February 4, 2019. D.I. 260. But he opted in on the 5th. D.I. 68-1.

- Leon Perry's last day was January 9, 2016, so his consent was due February 13, 2019. D.I. 260. But he opted in on the 26th. D.I. 74-19.

- Benjamin Herman's last day was January 27, 2016, so his consent was due March 3, 2019. D.I. 260. But he opted in on the 8th. D.I. 80-1.

- Paul Manausa's last day was December 3, 2015, so his consent was due January 7, 2019. D.I. 260. But he opted in on the 11th. D.I. 61-18. Also while the notice misspells Mr. Manausa's name, the consent form does not. D.I. 61-1 at 19. So there is no dispute as to his identity.

\* \* \* \* \*

Whether an employee was overdue by a month or a day does not change the outcome. These thirteen employees did not opt into the Fair Labor class in time. I dismiss their claims with prejudice.