IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TEDDY ARCHER, et al.,

    *Plaintiffs*,

v.

DEFENDERS, INC.,

    *Defendant*.

No. 1:18-cv-00470-SB

---

Seth Rigrodsky, Herbert W. Mondros, Rigrodsky Law P.A., Wilmington, Delaware; Eyal Dror, Shelly L. Friedland, Ted E. Trief, Trief & Olk, New York, New York; Macy D. Hanson, The Law Office of Macy D. Hanson PLLC, Madison, Mississippi; Peter S. Pearlman, Cohn, Lifland, Pearlman, Herrman, & Knopf LLP, Saddle Brook, New Jersey.

    *Counsel for Plaintiffs*.

J. Cory Falgowski, H. Carlton Hilson, Kristin Bryance Metheny, Ronald W. Flowers, Burr & Forman LLP, Wilmington, Delaware.

    *Counsel for Defendant*.

---

**MEMORANDUM OPINION**

October 11, 2022

---

BIBAS, *Circuit Judge*, sitting by designation.

    A group of employees is suing their former employer, Defenders, Inc., under the Fair Labor Standards Act. They claim that Defenders did not pay them for all the hours that they worked. The lawsuit has dragged on for more than four years. Now

the parties are ready to settle for $5 million. Because the employees are getting a good deal and the attorneys request reasonable fees, I approve the settlement.

An FLSA settlement should be approved if it is a "reasonable compromise over issues … that are actually in dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). So I ask whether (1) the parties have an actual dispute, (2) the settlement does not frustrate the Act's purposes, and (3) the settlement, including the award of attorney fees, is fair and reasonable. *E.g.*, *Solkoff v. Pa. State Univ.*, 435 F. Supp. 3d 646, 652, 654–55 (E.D. Pa. 2020).

This settlement resolves an actual dispute. The parties still contest the most basic factual issues, including whether Defenders owes overtime at all and whether it should calculate pay at half-time or time-and-a-half. D.I. 336 at 10–12. And there is no hint that these disputes are contrived.

Next, the settlement does not frustrate the Act's purposes. Settlements usually fail this requirement when their confidentiality agreements and releases sweep too broadly. *See Solkoff*, 435 F. Supp. 3d at 658–60. Neither is a problem here. Though the agreement limits counsel's ability to publicize the result, it does not so restrict the employees. D.I. 336-1 Ex. 1 ¶ 8. So they can keep their employers accountable by telling others about the Act. And the employees release only wage-and-hour claims that could have been brought in this lawsuit; they can still sue over unrelated harms or future wage-and-hour violations. D.I. 336-1 Ex. 1 ¶ 4. So Defenders has not bought its way out of accountability. I am thus satisfied that the agreement is consistent with the Act's purposes.

Finally, the settlement is fair and reasonable. To decide that, I evaluate all of the circumstances, consulting the *Girsh* class-action factors as appropriate. *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 523 n.3 (E.D. Pa. 2016).

The collective is getting a good risk-adjusted recovery. Its members will share $1,504,000 pro rata before enhancements. D.I. 336-1 Ex. 1 ¶ 5(a). This is roughly the amount of unliquidated overtime damages they could get at trial if overtime were awarded at time-and-a-half. D.I. 336-1 ¶¶ 34–42. Liquidated damages under the FLSA match unliquidated damages, so the collective could hope for at most roughly $3 million. 29 U.S.C. § 216(b). But if overtime were calculated at half-time, they would get roughly $1 million after matching liquidated damages. D.I. 336-1 ¶ 34. And of course, there is a significant risk that they could get nothing at all. D.I. 336 at 10–11; D.I. 336-1 ¶ 43. So roughly $1.5 million is a reasonable recovery on their primary claim. Additional recovery on their other claims, including for breach of contract, is particularly uncertain.

The parties are in a good position to evaluate these risks: they are through discovery and have litigated the case extensively. D.I. 336 at 2–4; D.I. 336-1 ¶ 54. And the collective has reacted well to this settlement: counsel represents that more than 100 plaintiffs have responded positively and none has objected. D.I. 336-1 ¶ 51.

Attorney fees and expenses are less straightforward. I was initially skeptical of a settlement in which lawyers keep such a large share of the recovery. D.I. 336 at 5. But several factors persuade me that, under a lodestar analysis, this is fair. *See Davis v. Se. Pa. Transp. Auth.*, 924 F.2d 51, 54 (3d Cir. 1991) (holding that "it is not

3

permissible for a trial judge to make a reduction in the attorney's fee award solely on the basis of proportionality"). The attorneys billed at reasonable rates, and most hours were billed by associates and paralegals. D.I. 336-1 ¶¶ 56, 62; D.I. 336-3 ¶ 6; D.I. 336-4 ¶ 5; D.I. 339 ¶ 6. Plaintiffs' counsel are not solely responsible for the length of litigation: they faced laborious discovery, and Defenders filed its share of motions and deposed a comparable number of witnesses. D.I. 336 at 2–4; D.I. 336-1 ¶¶ 4–17, 27–30, 54. I have reviewed counsel's billing records *in camera* and am satisfied that they are neither excessive nor redundant. *See Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001) (holding that a district court must "go line, by line, by line through the billing records supporting the fee request" (internal quotation marks omitted)). Enhancements are likewise reasonable and tailored to the inconvenience and reputational risk borne by recipients. D.I. 336 at 13–15; D.I. 336-1 ¶ 31(b); D.I. 336-1 Ex. 1 ¶ 5(a); *cf. Kapolka v. Anchor Drilling Fluids USA, LLC*, 2019 WL 5394751, at *13 (W.D. Pa. Oct. 22, 2019) (surveying enhancements).

Finally, the lodestar multiplier is 0.65, meaning that counsel will get only 2/3 of what they billed. D.I. 336 at 16; D.I. 336-1 ¶¶ 60–61; D.I. 339 ¶ 3. So the effective hourly rate is $322.85, well in line with market rates for a mix of attorneys of similar experience. D.I. 339 ¶ 3; D.I. 336-1 ¶ 62; *Rayna v. Campus Cmty. Sch.*, 390 F. Supp. 3d 556, 564–67 (D. Del. 2019). Though counsel's recovery looks disproportionate, the lodestar analysis shows that the settlement is fair and reasonable.

4

\* \* \* \* \*

Ordinarily, lawyers should recover less than their clients. But sometimes, litigation is too long and complicated for that to happen. This is one such occasion. After more than four years and at great expense, the lawyers here have gotten a good deal for their clients and seek reasonable compensation for that work. So I approve the settlement.